**STATE of Alaska, Appellant,**

v.

**APPLETON & COX OF
CALIFORNIA, INC., Appellee.**

**No. S–293.**

Supreme Court of Alaska.

July 26, 1985.

Lloyd B. Ericsson, Robert J. Ericsson, Martin, Bischoff, Templeton, Biggs & Ericsson, Anchorage, for appellant.

Kenneth P. Jacobus, James M. Powell, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS and COMPTON JJ.

## OPINION

COMPTON, Justice.

The State of Alaska appeals from a summary judgment for an insurance broker granted on the alternative grounds that the broker is not a proper party defendant or that the accident was beyond the scope of the policy coverage intended by the parties. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 1975, the State Department of Public Works Division of Aviation (State), and Japan Air Lines (JAL) entered into eight leases containing a provision requiring JAL to name State as an additional insured under certain insurance policies.

JAL was insured under a policy issued through Calendar-Robinson Company (Calendar-Robinson), a San Francisco insurance broker. Calendar-Robinson obtained the policy through Appleton & Cox of California, Inc. (Appleton & Cox), a surplus lines insurance broker. Appleton & Cox in turn secured the insurance from the Underwriters at Lloyd's, London, through its authorized London broker, Willis, Faber and Dumas, Ltd.

Paragraph 20 of the lease required JAL to prove it had obtained the promised insurance coverage. State furnished JAL with a form to certify the coverage, which was completed and executed by Calendar-Robinson. The form identified the insurer as "Appleton & Cox/Lloyds, London."

In December 1975, a Boeing 747 owned and operated by JAL sustained damage

totaling almost $20 million when it slid off an Anchorage International Airport taxiway covered with black ice. JAL sued State, claiming the accident resulted from faulty design, construction and maintenance of the taxiway. *Japan Air Lines v. State,* 628 P.2d 934 (Alaska 1981). State tendered its defense to JAL's insurers, but the tender was refused.

In 1979, State filed this action for declaratory relief against Tokio Marine & Fire Insurance and Appleton & Cox.[1] In September 1981, State and Appleton & Cox filed cross-motions for summary judgment which were denied. In April 1983, Appleton & Cox filed a second motion for summary judgment which was granted by Judge Milton M. Souter on December 12, 1983. Several days later, State filed an opposition to the second summary judgment motion and moved to amend its complaint to join as parties defendant the individual underwriters at Lloyds.[2] A copy of the December 12 order was sent to counsel on December 22. State moved for reconsideration of the summary judgment order on December 23, which motion was denied. Judge Souter entered final judgment on January 10, 1984. State appeals.

## II. DISCUSSION

■ Summary judgment may be granted if "there is no genuine issue as to any material fact and ... any party is entitled to a judgment as a matter of law." Alaska R.Civ.P. 56(c). Appleton & Cox moved for summary judgment on two grounds: (1) it was not a proper party because it was neither an issuer nor an agent of an undisclosed principal and (2) even if Appleton & Cox were a proper party and the policy provided coverage for the loss, reformation of the policy was appropriate due to a mutual mistake of fact. The trial court granted the motion without explanation. When a court grants summary judgment without stating its reasons, it is presumed

that the court ruled in the movant's favor on all the grounds stated. *Austin v. Fulton Insurance,* 444 P.2d 536, 540 (Alaska 1968). Accordingly, the summary judgment shall be reversed only if *no* ground asserted by Appleton & Cox supports the trial court's decision.

State contends the certificate of insurance renders Appleton & Cox liable as an agent of an undisclosed principal and as a named insurer. Appleton & Cox contends that it is not the agent of the Underwriters at Lloyd's, that the insurers' identity is disclosed and that it never issued an insurance policy.

■ "When the agent of the insurer acts in an authorized nontortious manner he is not personally liable to the insured for his acts or for any contracts which he makes on behalf of his disclosed principal." 4 G.Couch, Cyclopedia of Insurance Law 2d § 26A: 288, at 552 (Rev.ed.1984) (footnote omitted). *Accord* Restatement (Second) of Agency § 320 (1958); *but cf. id.* §§ 321, 322 (agent liable if principal undisclosed).

■ We need not decide whether Appleton & Cox is an agent of the Underwriters at Lloyds. Assuming the existence of an agency relationship, we nevertheless conclude that the principals' identity is disclosed in the policy and the certificate of insurance, therefore Appleton & Cox is not personally liable.

The policy of insurance identifies all the individual underwriters by name and/or number. Furthermore, the certificate of insurance names "Lloyds, London" as an insurer; State could have proceeded against the "Underwriters at Lloyd's, London." *Marwell Construction v. Underwriters at Lloyd's, London,* 465 P.2d 298 (Alaska 1970).

We also conclude that Appleton & Cox is not liable as a named insurer. State may not rely on Calendar-Robinson's error in naming Appleton & Cox an insurer on the

---

**1.** State and Tokio settled their controversy, dismissing the case without prejudice.

**2.** State's motion to amend its complaint was denied *sub silentio* when the trial court entered final judgment. State did not appeal the trial court's denial of this motion.

certificate of insurance. Appleton & Cox was not a party to any contract to insure JAL or State.[3]

The summary judgment for Appleton & Cox is therefore AFFIRMED.

MOORE, J., not participating.

---

**3.** Because we find that Appleton & Cox was not a proper defendant, the summary judgment stands. We need not reach the question of the extent of the policy coverage.