**Dr. Ricardo CABARGA CRUZ, Plaintiff, Appellee,**

v.

**FUNDACION EDUCATIVA ANA G. MENDEZ, INC., Defendant, Appellant.**

**Dr. Ricardo CABARGA CRUZ, Plaintiff, Appellant,**

v.

**FUNDACION EDUCATIVA ANA G. MENDEZ, INC., Defendant, Appellee.**

**Nos. 86–1657, 86–1658.**

United States Court of Appeals, First Circuit.

Argued Feb. 3, 1987.

Decided June 23, 1987.

**190**

A.J. Amadeo Murga, Hato Rey, P.R., for Fundacion Educativa Ana G. Mendez, Inc.

Teresa M. Lube de Bothwell, San Juan, P.R., for Dr. Ricardo Cabarga Cruz.

Before BOWNES, Circuit Judge, WISDOM,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

WISDOM, Senior Circuit Judge:

This appeal raises questions involving an action by an employee against his employer under § 301 of the Labor Management Relations Act.[1] The defendant contends that the district court erred in concluding that the plaintiff's action was not barred by either the statute of limitations or an exhaustion of remedies requirement. The plaintiff asserts that the district court erred in refusing to reinstate him and award him back pay. We affirm.

## FACTS

The plaintiff, Dr. Ricardo Cabarga Cruz, was hired as a teacher in 1976 by the defendant, Fundacion Educativa Ana G. Mendez, Inc. Dr. Cabarga continued teaching until December 1978, at which time the Fundacion terminated his employment. Dr. Cabarga believed that the Fundacion's action was in violation of his employment agreement. As required by the existing collective bargaining agreement, Dr. Cabarga filed a complaint with the grievance and arbitration committee, which is composed of representatives of both the employer and the union, asserting that his dismissal was improper. The committee met in December 1978, but did not consider Dr. Cabarga's grievance. Rather, consider-ation of that matter was scheduled for the committee's next meeting, which was to be held on January 16, 1979. That meeting, however, did not take place. Apparently, the Fundacion's representatives and one of the union's representatives went to where they thought the meeting was to take place, the union's offices, while the remainder of the union's representatives went to a faculty room where they thought the meeting was to take place. Who was responsible for this mistake is not entirely clear. The committee did not subsequently meet, and Dr. Cabarga's grievance was never considered.

In October 1979, Dr. Cabarga filed suit in the Puerto Rico Superior Court alleging that he had been wrongfully terminated. The action was removed to the United States District Court for the District of Puerto Rico. The Fundacion moved for summary judgment and asserted that Dr. Cabarga's action was barred both because it was untimely and because he had failed to exhaust the grievance and arbitration remedies in the collective bargaining agreement. In ruling on the Fundacion's motion for summary judgment, the district court concluded that Dr. Cabarga's action was not barred by the statute of limitations.[2] The district court concluded, however, that it could not rule on the exhaustion issue until after a full hearing.[3] This issue was therefore scheduled for trial along with the substantive issue: whether the Fundacion had improperly terminated Dr. Cabarga's employment.

Following trial, the district court concluded that Dr. Cabarga's action was not barred as a result of his failure to exhaust the available grievance procedures. The district court also concluded that the Fundacion had improperly terminated Dr. Cabarga. The district court held, however, that Dr. Cabarga was not entitled to reinstatement and back pay. Rather, the court awarded damages of $6,600. Both parties now appeal.

---

* Of the Fifth Circuit, sitting by designation.

**1.** 29 U.S.C. § 185.

**2.** *Cabarga-Cruz v. Fundacion Educativa Ana G. Mendez, Inc.,* 609 F.Supp. 1207, 1214–16 (D.P.R. 1985).

**3.** *Id.* at 1213–14.

## DISCUSSION

### 1. Statute of Limitations

 The question whether Dr. Cabarga's cause of action is barred by the statute of limitations turns upon whether the action is subject to the six month statute of limitations established by the United States Supreme Court in *DelCostello v. International Brotherhood of Teamsters*[4] for hybrid § 301/fair representation claims. A hybrid claim is one in which the plaintiff has a cause of action against both the employer and the union. The typical hybrid action involves a claim that the employer violated the collective bargaining agreement and the union failed to handle properly the grievance of the plaintiff-employee who was injured as a result of the employer's action. In *DelCostello*, the Supreme Court ruled that the applicable statute of limitations for such an action is six months, as provided in § 10(b) of the National Labor Relations Act.[5] The six month statute of limitations applies to such a hybrid suit whether the employee sues the employer, the union, or both.[6]

The *DelCostello* Court was, however, careful to point out that the six month limitations period established for hybrid claims should not be applied to all labor claims. Indeed, the Court made clear that borrowing state statutes of limitations would remain the norm for most labor actions when state law provides an apt analogy.[7] If a claim represents, in essence, purely a breach of contract action against the employer, the proper limitations period is not the six month period established by *DelCostello*, but rather that provided by state law for breach of contract actions.[8] The Fundacion effectively concedes that Dr. Cabarga's action was not time barred if the law of Puerto Rico provides the statute of limitations.

 The statute of limitations question therefore turns upon whether Dr. Cabarga's action is a hybrid claim or a straight breach of contract claim. The district court correctly concluded that Dr. Cabarga's action was a simple breach of contract claim.[9] The court found no evidence that the union was guilty of an unfair representation. Moreover, the Fundacion's own actions refute its present contention that the union's conduct amounted to an unfair representation. The record reveals that the Fundacion withdrew its defense that the union was at least partially responsible for Dr. Cabarga's injuries. Had the Fundacion believed that the union was guilty of an unfair representation, it likely would not have withdrawn this defense, because the union, not the Fundacion, would have been liable for the injuries to Dr. Cabarga that would not have occurred but for its unfair representation.[10]

Because Dr. Cabarga's action is essentially a breach of contract claim, the six month statute of limitations established in *DelCostello* does not apply and the action is not time barred.

### 2. Exhaustion of Remedies

 It is undisputed that Dr. Cabarga did not exhaust the grievance remedies pro-

**4.** 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

**5.** 29 U.S.C. § 160(b). *See* 462 U.S. 151, 103 S.Ct. 2281.

**6.** *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291. *Farr v. H.K. Porter Co.*, 727 F.2d 502, 504 (5th Cir.1984).

**7.** *DelCostello*, 462 U.S. at 171–72, 103 S.Ct. at 2294–95.

**8.** *Garcia v. Eidal Int'l Corp.*, 808 F.2d 717 (10th Cir.1986); *O'Hare v. General Marine Transp. Corp.*, 740 F.2d 160, 167–68 (2d Cir.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1181, 84 L.Ed.2d 329 (1985); *Farr*, 727 F.2d at 505; *Erkins v. United Steelworkers of America*, 723 F.2d 837, 839 (11th Cir.), *cert. denied*, 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984); *cf. UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *DelCostello*, 462 U.S. at 162–63 & 171–72, 103 S.Ct. at 2289–90, 2294–95.

**9.** *Cabarga-Cruz*, 609 F.Supp. at 1210–11 & 1215–16.

**10.** *Vaca v. Sipes*, 386 U.S. 171, 187–88, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *De Arroyo v. Sindicato de Trabajadores Packing*, 425 F.2d 281, 289–90 (1st Cir.), *cert. denied*, 400 U.S. 877, 91 S.Ct. 121, 27 L.Ed.2d 115 (1970).

vided under the Fundacion's collective bargaining agreement. Ordinarily, an employee must exhaust such remedies before instituting a civil action against his employer under § 301 of the Labor Relations Management Act.[11] The courts have, however, recognized three exceptions to this rule. A plaintiff need not exhaust such remedies if: the union has the sole power to invoke the grievance procedures and the union wrongfully refuses to process or perfunctorily handles the grievance;[12] resort to the grievance procedures would be futile;[13] or the employer repudiates the grievance procedures.[14]

■ The district court concluded that exhaustion was not required because Dr. Cabarga had proved repudiation. We agree. There is little question that Dr. Cabarga initiated the grievance procedures and did all that he was able to do insofar as exhausting the grievance and arbitration remedies is concerned. Through no fault of his own, the grievance was not processed. Although one could argue that the union was responsible for the stalled grievance procedures, the Fundacion has, as noted above, specifically withdrawn its assertion that the union handled Dr. Cabarga's grievance improperly. This leads to the conclusion that the responsibility for Dr. Cabarga's failure to exhaust the grievance remedies rests with the Fundacion.[15] The conclusion that the Fundacion repudiated the grievance and arbitration procedures is also supported by the Fundacion's consistent position that Dr. Cabarga was not covered by the collective bargaining agreement. When an employer repudiates the entire contract or maintains that the contract is inapplicable, that action constitutes a repudiation of the grievance and arbitration procedures contained in that contract.[16] Therefore, Dr. Cabarga was not required to exhaust the grievance remedies.

3. Reinstatement and Back Pay

■ The district court found that Dr. Cabarga started as a temporary employee but was subsequently given two consecutive twelve month appointments. Under the employment agreement between Dr. Cabarga and the Fundacion, Dr. Cabarga was entitled after two years of consecutive employment to an evaluation to determine his future status with the Fundacion. The Fundacion terminated Dr. Cabarga's employment without an evaluation or any other form of notice. The district court concluded that as a result of the failure to provide Dr. Cabarga an evaluation or notice, Dr. Cabarga "was left in limbo with no salary for a period of almost six months". The district court therefore awarded Dr. Cabarga six months salary at the rate of $1,100 per month. Dr. Cabarga asserts that the district court erred in fashioning its remedy because it declined to award the "make-whole" remedy, reinstatement and back pay. Given the circumstances of this case, we must disagree with Dr. Cabarga.

It is undisputed that Dr. Cabarga was entitled to an evaluation that the Fundacion

11. *Vaca*, 386 U.S. at 184, 87 S.Ct. at 913.

12. *Id.* at 185–86, 87 S.Ct. at 914–15. *DelCostello*, 462 U.S. at 164, 103 S.Ct. at 2291.

13. *Glover v. St. Louis-San Francisco R. Co.*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969); *Smith v. Pittsburgh Gage and Supply Co.*, 464 F.2d 870, 875 (3d Cir.1972).

14. *Vaca*, 386 U.S. at 185, 87 S.Ct. at 914; *Smith*, 464 F.2d at 875.

15. Although the record is not entirely clear, it appears that one of the Fundacion's representatives to the grievance and arbitration committee was the president of the committee and that it was he who was responsible for calling meetings and properly summoning members to those meetings. One of the union representatives testified that he did not receive proper notice of the January meeting of the committee and went to the wrong place as a result. Because of this mix-up, the meeting was not held and Dr. Cabarga's grievance was not considered. There is no question that no subsequent meeting of the committee was ever called or held.

16. *Garcia*, 808 F.2d at 721–22, *Smith*, 464 F.2d at 875–76. The Fundacion's failure to attempt to resolve Dr. Cabarga's grievance through the grievance and arbitration committee is consistent with the view that the Fundacion never considered his grievance to be one under the collective bargaining agreement.

failed to provide. Dr. Cabarga did not ask the district court to order the Fundacion to provide such an evaluation. Rather, Dr. Cabarga asked the district court to place him in the position that he would have occupied had he *passed* the evaluation test. Under the employment agreement, if an instructor passes the evaluation test and thereby enters the tenure track, the Fundacion is required to extend annual appointments for the next three years and any action taken by the Fundacion that could affect that instructor's employment status is subject to the grievance and arbitration process. As the district court noted, however, no evidence was submitted concerning the scope of or discretion involved in the evaluation process. The district court was therefore unable to determine whether Dr. Cabarga would have received a favorable evaluation. Unquestionably, the terms of the employment agreement did not guarantee that an instructor would enter the tenure track as a result of a mere lapse of time, nor was evidence presented to the effect that this was a common "shop practice" for the Fundacion. As the district court noted:

> Awarding reinstatement and back pay under such conditions would be tantamount to placing plaintiff in a position that he had no right to be under the terms of the collective bargaining agreement and the [Faculty] Handbooks. *See Rivera-Morales v. Benitez-de-Rexach,* 541 F.2d 882, 886 (1st Cir.1976); *De Arroyo v. Sindicato de Trabajadores Packing, AFL–CIO,* 425 F.2d 281, 291 (1st Cir.1970); *cf. Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (civil rights constitutional due process violation did not justify placing plaintiff in a position she was not entitled to). In addition, reinstating plaintiff with back pay and accumulated seniority rights would amount to sidestepping the internal procedures of a college institu-

tion for the evaluation and promotion of its professors, an intrusion that is generally disfavored, *see Gurma[n]kin v. Costanzo,* 626 F.2d 1115, 1125–26 (3rd Cir. 1980) *and gen. Regents of the Univ. of Michigan v. Ewing,* [474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985) ], and uncalled for in the present case given the collective bargaining agreement's exclusion of the two year evaluation results from the grievance and arbitration procedure, the only part of the collective bargaining agreement where remedies of back pay and reinstatement are allowed.

But for the Fundacion's breach, Dr. Cabarga would have received an evaluation, not necessarily continued employment.[17] Dr. Cabarga did not request that the district court order the Fundacion to provide an evaluation, and the district court appropriately concluded that the reinstatement and back pay would be improper. Rather, the court awarded damages, and in calculating damages, the district court determined the loss to Dr. Cabarga caused by the Fundacion's failure to provide an evaluation. Dr. Cabarga's argument that the district court erred in remedying the Fundacion's breach is therefore without merit.

## CONCLUSION

The district court properly concluded that Dr. Cabarga's action was not barred either by the *DelCostello* six month statute of limitations or by the requirement that an employee exhaust the grievance and arbitration remedies provided in a collective bargaining agreement before filing a civil suit. Finally, the district court did not err in declining to reinstate Dr. Cabarga and award him back pay. The decision of the district court is therefore affirmed.

**17.** For this reason, *De Arroyo v. Sindicato de Trabajadores Packing,* 425 F.2d 281 (1st Cir.), *cert. denied,* 400 U.S. 877, 91 S.Ct. 121, 27 L.Ed.2d 115 (1970), does not support Dr. Cabarga's position. In *De Arroyo,* the employees would have remained employed but for the employer's breach. Therefore, reinstatement and backpay was an appropriate remedy in that case.