George C. REED, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Plumbers and Steamfitters, Local 367, Appellees.

No. S–1648.

Supreme Court of Alaska.

Sept. 4, 1987.

Richard B. Collins, Anchorage, for appellant.

Philip Matricardi, Asst. Mun. Atty., Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

George Reed appeals from the superior court's dismissal of his complaint against the Municipality of Anchorage, in which he asserted a wage claim and a wrongful ter-

mination claim. The Municipality moved to dismiss the complaint on the grounds that the statute of limitations barred Reed's claims, and that Reed failed to exhaust his administrative remedies. The superior court granted the motion and dismissed his claims.

## I. FACTS AND PROCEEDINGS

On August 24, 1981, Reed was dispatched by the Plumbers and Steamfitters Union, Local 367, to the Anchorage Wastewater Treatment Plant as a utilityman at a wage scale of $13.20 per hour. The Municipality immediately put him to work as an Operator I, which carried a wage rate of $14.79 per hour. The Municipality, however, continued to pay him at the utilityman rate of $13.20. In November 1981, Reed was promoted to an Operator II, which carried a wage rate of $15.58 per hour; however, Reed was only paid at the Operator I rate of $14.79.

In early March 1982, Reed lodged a job safety complaint with the Alaska Department of Labor and the Anchorage Mayor's office, which resulted in a plant inspection and citation. Immediately thereafter, Reed was reassigned to the day shift, with weekends off. On March 7, Reed was granted medical leave pursuant to Article XIV, section 14.10 of the union's collective bargaining agreement with the Municipality. The leave, supported by a doctor's notice, lasted until March 27, 1982 which was a Saturday. Reed did not report to work on Monday, March 29, or on March 30 or 31, apparently under the belief that his doctor had not released him to return to work.

The Municipality terminated Reed on March 31, 1982 for being absent three consecutive working days without approval, citing Article IX of the collective bargaining agreement. Although Reed became aware of his termination through a call to his supervisor on April 5, he did not receive his formal notice of termination until April 30, 1982. The union refused to file a grievance on Reed's behalf, so Reed immediately filed his own grievance. Two hearings by the Municipality were subsequently held on April 23 and 29. On September 30, 1982, the Alaska Department of Labor filed a complaint against the Municipality charging that the Municipality unlawfully discharged Reed.

On April 2, 1984, Reed filed his complaint in the present action. He filed an amended complaint on April 9. The state's complaint against the Municipality was dismissed by stipulation in August 1984; the stipulation specifically stated that the dismissal of that complaint was not to affect Reed's own civil action against the Municipality.

The Municipality made a motion to dismiss Reed's action on June 2, 1985, which the trial court granted on February 24, 1986. Reed made a motion pursuant to Civil Rule 78 for a clarification of judgment, specifically requesting findings of fact and conclusions of law. This was denied. Reed timely appeals.

## II. DISCUSSION

### A. Standard of Review

The Municipality made its motion to dismiss Reed's complaint citing Alaska R.Civ.P. 12, specifically arguing that the two-year statute of limitations and the doctrine of exhaustion of administrative remedies barred Reed's causes of action. The superior court granted the motion and dismissed the complaint without explanation. On appeal, the Municipality now argues for the first time that the superior court could properly have dismissed the complaint on the additional grounds of failure to prosecute and failure to state a claim on which relief could be granted.

Initially we address the procedural problem arising from the superior court's failure to state whether it considered or excluded certain documents outside the pleadings which both parties submitted in support of their respective positions on the motion to dismiss. The court apparently treated the dismissal motion as made pursuant to Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Civil Rule 12(b) requires the trial court affirmatively to exclude outside materials if it does not consider the conversion

of a Rule 12(b)(6) motion to one for summary judgment to be desirable.

■ The record shows that matters outside the pleadings were presented to the superior court and not excluded by the court. In *Martin v. Mears*, 602 P.2d 421, 426 (Alaska 1979), we held that "all trial courts must expressly state whether they have in fact excluded or considered such materials in reaching their decisions." Here, as in *Martin*, because the court did not exclude the outside materials, it was under "a mandatory duty" to treat the Municipality's motion as one for summary judgment and to dispose of it as provided in Rule 56 after giving the parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Id.* at 426. Thus, the court erred in failing to adhere to the exclusion or conversion requirements of Civil Rule 12(b). This error does not of itself require reversal. In *Martin* we further held that if the superior court fails to treat a motion to dismiss for failure to state a claim on which relief can be granted as a motion for summary judgment when matters outside the pleadings have been presented and not excluded, we may reverse and remand for proper consideration, or we may review the superior court's decision as if the motion for dismissal had been granted after exclusion of outside materials, or as if summary judgment had been granted after conversion of the motion to dismiss into one for summary judgment. *Id.* at 427.

■ Motions to dismiss for failure to state a claim are viewed with disfavor and should rarely be granted. *Knight v. American Guard & Alert, Inc.*, 714 P.2d 788, 791 (Alaska 1986). Courts are obliged to construe complaints liberally and give the complaint the benefit of the doubt. *Id.* In determining the sufficiency of the stated claim, it is enough that the complaint set forth allegations of fact consistent with some enforceable cause of action on any possible theory. *Linck v. Barokas & Martin*, 667 P.2d 171, 173 (Alaska 1983); *Knight*, 714 P.2d at 791. The standard of review for summary judgment is to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment on the law applicable to the established facts. *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985). When a trial court grants summary judgment without stating its reasons, it is presumed that the court ruled in the movant's favor on all of the grounds stated. Accordingly, the summary judgment should be reversed only if no ground asserted supports the trial court's decision. *State v. Appleton & Cox of California, Inc.*, 703 P.2d 413, 414 (Alaska 1985). Based upon our review of this appeal, we have concluded that whether we review the superior court's dismissal of Reed's complaint under the standard applicable to dismissal or that applicable to grants of summary judgment, reversible error exists.

### B. Statute of Limitations

In its motion to dismiss, the Municipality argued that both counts of Reed's complaint alleged employment discrimination, and that the actions complained of all took place more than two years prior to the filing of the complaint. The Municipality asserted that the actions complained of in Count I, i.e., Reed's failure to be paid at a rate commensurate with the work he was doing, arose in October 1981. The Municipality also asserted that the action complained of in Count II, i.e., his termination, took place on March 31, 1982. The Municipality then incorrectly argued that Reed's original complaint was filed on April 10, 1984, and that the two-year statute of limitations for actions based upon a statute, Alaska Statute 09.10.070(3), barred his claims. In fact, the original complaint was filed on April 2, 1984, and the amended complaint was filed on April 9.

Reed's complaint against the Municipality is set forth in two counts. In Count I, Reed alleges the facts concerning his dispatch to the treatment plant, his assignment as an Operator I with wages paid at the utilityman level, and his promotion to Operator II with wages paid at the Operator I level. He then alleges:

### VII.

Plaintiff was underpaid then in an amount as will be shown by proof at time of trial.

### VIII.

Since plaintiff's termination, defendant has failed, refused and neglected to pay plaintiff his just wages, which is in violation of AS 23.05.140(b).

### IX.

Pursuant to AS 23.05.140(b) defendant is indebted to plaintiff in additional sums to be determined by proof at time of trial.

■ We do not believe that Reed's cause of action is strictly or solely an action for liability upon a statute. Rather, we construe Reed's cause of action in Count I to allege a breach of the collective bargaining agreement. The collective bargaining agreement was attached to Reed's complaint. The agreement contains the specified wage rates at which employees working as utilityman, Operator I and II are required to be paid. Both parties agree that they are bound by the collective bargaining agreement. The Municipality's failure to pay the specified wage would be a violation of the collective bargaining agreement. Thus, Reed's complaint alleging that the Municipality failed to pay these rates may be construed to state a cause of action for breach of the collective bargaining agreement. As such, it is controlled by the six-year statute of limitations for contract actions, AS 09.10.050, and was timely filed. Therefore, the superior court erred in dismissing Count I based upon the running of the two-year statute of limitations.

■ We note, however, that even if Count I is construed to be a claim for liability upon a statute, it was timely filed within the two-year period. Reed alleged that the Municipality violated AS 23.05.-140(b), which provides that "[i]f the employment is terminated, regardless of the cause of termination, all wages, salaries or other compensation for labor or services becomes due immediately and shall be paid within three working days after the termination...." Alaska Statute 09.10.070(3) provides for a two-year statute of limitations "upon a liability created by statute." Reed was terminated on Wednesday, March 31, 1982. Under AS 23.05.140(b), the Municipality had until Monday, April 5, 1982, three working days after it terminated Reed, to pay him his due compensation. If the Municipality failed to do so, it became liable upon the statute, and Reed would have two years—until April 5, 1984 —to bring suit on his claim of violation of AS 23.05.140(b). Reed filed his complaint on April 2, 1984. Therefore, that part of Count I alleging that the Municipality violated AS 23.05.140(b) was timely filed, and Reed's cause of action under Count I should not have been dismissed under a two-year statute of limitations defense.

Count II contains an allegation that Reed was wrongfully and discriminatorily discharged in retaliation for having complained to the Department of Labor and the Mayor's office. On appeal, the Municipality correctly concedes that Reed's Count II wrongful termination claim was timely filed. Because Reed was terminated on March 31, 1982, under a two-year statute of limitations, he would have until March 31, 1984 to file his suit for wrongful discharge. March 31, 1984 fell upon a Saturday, however, and under AS 01.10.080, Civil Rule 6(a), and *David v. Sturm, Ruger & Co.*, 557 P.2d 1133, 1134–35 (Alaska 1976), Reed's filing of his action on the following Monday, April 2, 1984, was timely.

To summarize, both Count I and Count II of Reed's complaint were timely filed within the appropriate time periods. Therefore, the superior court erred in granting the Municipality's motion to dismiss upon its statute of limitations arguments.

### C. Exhaustion of Administrative Remedies

The Municipality argues that even if the superior court erred in dismissing Count I as barred by the statute of limitations, the superior court's dismissal of that count can be affirmed because Reed failed to exhaust his administrative remedies. The Munici-

pality does not argue that Reed failed to exhaust his administrative remedies as to Count II, the wrongful discharge count. Indeed, the Municipality could not make that argument in good faith, for Reed in fact pursued his administrative remedy by filing a grievance which resulted in a complaint by the State Department of Labor against the Municipality charging the Municipality with wrongfully discharging Reed.

■ The Municipality's entire argument that Reed was required first to exhaust his administrative remedies with respect to his Count I wage claim is as follows:

> Alternatively it is undisputed that George Reed did not seek administrative relief from the Alaska Department of Labor under AS 23.05.190. He was not entitled to seek judicial relief until the available administrative remedies had been exhausted. *Eidelson v. Archer*, 645 P.2d 171, 176 (Alaska 1982).

Neither of the cited authorities set forth any administrative remedy which wage claimants are required to exhaust.

Alaska Statute 23.05.190 provides for enforcement of wage claims:

> The department [of labor] shall
> (1) enforce this chapter;
> (2) investigate possible violations of this chapter;
> (3) institute actions for penalties provided in this chapter.

Nothing in this section or in any of the remainder of AS 23.05 expressly provides that an employee has or must exhaust an administrative remedy. Nor is there any particular administrative remedy that suggests itself as an exclusive or necessary threshold procedure which an employee must first pursue. Alaska Statute 23.05.-200(a) provides that "[t]he department *may* hold hearings to investigate a claim for wages. It *may* cooperate with an employee in the enforcement of a claim against the employer when it considers the claim just and valid." (Emphasis added.) Likewise, AS 23.05.210 provides that "[t]he attorney general *may* prosecute a civil case arising under this chapter which is referred to the attorney general by the depart-

ment...." (Emphasis added.) Alaska Statute 23.05.220 provides for assignment of wage claims to the Department of Labor. Alaska Statute 23.05.230 provides that "[t]he department may prosecute an action for the collection of a claim...."

The Municipality's citation to *Eidelson v. Archer* is likewise to no avail. In *Eidelson*, we held that the exhaustion of administrative remedies doctrine was applicable to a physician's challenge of his suspension and termination from a private hospital, for the physician failed to pursue the administrative remedies provided in the hospital's bylaws. 645 P.2d at 176–77. In *Casey v. City of Fairbanks*, 670 P.2d 1133, 1136 (Alaska 1983), we held that employees must first exhaust their contractual or administrative remedies, or show that they were excused from doing so, before pursuing direct judicial action against their employer. We further held, on the facts of that wrongful discharge case, that the employee had made a good faith effort to pursue his grievance.

In this case, the collective bargaining agreement between the Municipality and the union does contain grievance procedures, but these procedures do not apply to disputes which the union will not prosecute on behalf of an aggrieved employee. Nevertheless, it is noteworthy that upon the union's refusal to file a grievance on Reed's behalf, he instituted a grievance seeking to resolve his dispute administratively. Thus, even if Reed had a duty to exhaust his administrative remedies, he made a good faith effort to do so. We hold that the Municipality's argument that Reed had an administrative remedy which he was required and failed to pursue is without merit. Therefore, the superior court erred if it based its dismissal of Reed's complaint upon the grounds that he failed to exhaust his administrative remedies as to Counts I or II.

**D. Failure to Prosecute Wrongful Termination Claim and Failure to State a Cause of Action**

■ On appeal, the Municipality argues for the first time that the superior court's

decision dismissing Count II of Reed's complaint may be upheld on the grounds that Reed failed to state a cause of action and that he failed to timely prosecute his wrongful termination claim. Civil Rule 41(e) provides that before a trial court may dismiss an action for want of prosecution, it must first either hold a call of calendar or send notice to the parties to show cause in writing why a dismissal of the action should not be ordered. As the court in this case conducted neither of the prerequisite procedures, we cannot affirm its dismissal on this basis.

■ The Municipality's argument that Reed's complaint failed to state a claim because it contained an "admission" that he was unavailable for work even after the time permitted for medical leave under the collective bargaining agreement had expired cannot be resolved on either a Rule 12(b)(6) proceeding or on a motion for summary judgment. Reed's complaint alleges a cause of action, and there are unresolved questions of fact concerning whether the collective bargaining agreement's provision applies, whether Reed could have been excused, or whether there are any other grounds which might have supported Reed's absence. Moreover, because the Municipality did not make this particular argument in its motion to dismiss, Reed did not have an opportunity to respond to the Municipality's assertions of fact.

## III. CONCLUSION

We conclude that neither the statute of limitations nor the doctrine of exhaustion of administrative remedies bars Reed's wage claim or wrongful termination claim. The Municipality's arguments that Count II fails to state a claim for which relief may be granted, and that this count should be dismissed for failure to prosecute, are without merit. Therefore, the superior court's dismissal of Reed's complaint is vacated and the case is remanded for trial.

VACATED and REMANDED.