William QUINN, Petitioner,

v.

ALASKA STATE EMPLOYEES ASSOCI-ATION/AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 52, Respondent.

No. S–6929.

Supreme Court of Alaska.

Aug. 29, 1997.

Rehearing Denied Nov. 5, 1997.

Kenneth W. Legacki, Kenneth W. Legacki, P.C., Anchorage, for Petitioner.

Thomas R. Lucas, Law Office of Thomas R. Lucas, P.C., Anchorage, for Respondent.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

### I. INTRODUCTION

William Quinn petitioned for review of the superior court's decision to uphold the district court's limitation of the period for which Quinn could seek unpaid overtime and penalties from his former employer. Alaska R.App.P. 402(a)(1). We granted the petition. Alaska R.App.P. 402(b). We vacate the order of the district court and remand for further proceedings.

### II. FACTS AND PROCEEDINGS

■ Quinn was employed by the Alaska State Employees Association (ASEA) as a Business Agent from February 26, 1990, to August 14, 1993. On February 23, 1994, Quinn sued ASEA in district court for unpaid overtime and penalties under AS 23.05.140(b)[1] and the Alaska Wage & Hour Act (AWHA), AS 23.10.050–.150.[2] His claim for unpaid overtime covered a period running from sometime in 1990 to January 1993. The district court granted ASEA's motion for partial summary judgment, limiting Quinn's

recovery to unpaid overtime going back two years before he filed suit, in accordance with AWHA's two-year statute of limitation. *See* AS 23.10.130.[3] The court did not apply the Fair Labor Standards Act (FLSA) three-year statute of limitation.[4]

Quinn petitioned for superior court review of the district court's order. The superior court denied the petition. Quinn then filed with this court a petition for hearing from the superior court's decision. We granted Quinn's petition, limited to the following issues:

a. Does the statute of limitations under FLSA as to willful violations preempt the limitations period in AS 23.10.130?

b. Does the limitations period in AS 09.10.070(3) apply? If so, does it run from the date of the employer's alleged non-compliance with the termination payday requirement of AS 23.05.140(b)?

c. Based on the employer's alleged breach of the collective bargaining agreement regarding overtime, does the six-year statute of limitations for contracts in AS 09.10.050(1) apply?

---

1. AS 23.05.140(b) provides in part that if an employee is terminated, "all wages, salaries, or other compensation for labor or services become due immediately and shall be paid within three working days after the termination. . . ." An employer who violates this provision "may be required to pay the employee a penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount." AS 23.05.140(d).

2. Under AWHA, an employee working in excess of forty hours a week or eight hours a day must be paid for the overtime at the rate of one and one-half times the regular rate of pay. AS 23.10.060(b). An employer violating this provision "is liable to an employee affected in the amount of . . . unpaid overtime compensation . . . in an additional equal amount as liquidated damages." AS 23.10.110(a).

3. AS 23.10.130 provides in part:

 An action for . . . unpaid overtime compensation . . . under [AWHA] is forever barred unless it is started within two years after the cause of action accrues. For the purposes of this section an action is considered to be started on the date when the complaint is filed.

 The term "accrues" is not defined in AWHA. When AWHA does not define a term, the defini-

tion contained in the federal Fair Labor Standards Act controls. AS 23.10.145. When additional analysis is required, Alaska courts seek guidance from federal case law interpreting FLSA. *See, e.g., Jeffcoat v. State, Dep't of Labor,* 732 P.2d 1073, 1075 (Alaska 1987). In interpreting FLSA's statute of limitation, federal courts have held that a cause of action for unpaid overtime accrues at the end of each pay period in which overtime is due. *See, e.g., Freeman v. National Broad. Co., Inc.,* 846 F.Supp. 1109, 1159 (S.D.N.Y.1993) ("A cause of action for overtime compensation accrues at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed."), *rev'd on other grounds, Freeman v. National Broad. Co., Inc.,* 80 F.3d 78 (2d Cir.1996). The district court implicitly accepted this definition in limiting Quinn's recovery to unpaid overtime claims dating back two years before he filed suit.

4. Any action . . . to enforce any cause of action for . . . unpaid overtime compensation . . . under the Fair Labor Standards Act . . . shall be forever barred unless commenced within two years after the cause of action accrued, except that *a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.* . . .

 29 U.S.C. § 255(a) (1947) (emphasis added).

## III. *DISCUSSION*

### A. *The Statute of Limitation for Willful Violations under FLSA Does Not Preempt the Limitation Period in AS 23.10.130.*

 Federal law can preempt state law in three ways: explicitly, if Congress declares that state law is preempted; implicitly, if Congress enacts comprehensive laws that leave no room for additional state regulation; or, if state law actually conflicts with Federal law.

*Dayhoff v. Temsco Helicopters, Inc.,* 848 P.2d 1367, 1369 (Alaska 1993); *see also Totemoff v. State,* 905 P.2d 954, 958 (Alaska 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2499, 135 L.Ed.2d 190 (1996). A conflict between state and federal law occurs where compliance with both laws is a "physical impossibility," or where "the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives" of the federal law. *Webster v. Bechtel, Inc.,* 621 P.2d 890, 900–01 (Alaska 1980) (quoting *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 158, 98 S.Ct. 988, 994, 55 L.Ed.2d 179 (1978)).

This court addressed the issue of whether FLSA preempts AWHA in *Webster.* After comparing the history and purposes of the two Acts, we concluded that FLSA did not explicitly or implicitly preempt AWHA in its entirety. *Id.* at 894–900. We also determined that AWHA's more generous minimum wage, overtime pay, and liquidated damages provisions did not actually conflict with similar provisions in FLSA. *Id.* at 900–05. This holding was grounded on the principle that states "are given freedom of action to establish higher standards than those es-

tablished by" FLSA. *Eastern Sugar Assocs. v. Pena,* 222 F.2d 934, 936 (1st Cir.1955); *Alaska Int'l Indus. v. Musarra,* 602 P.2d 1240, 1246 (Alaska 1979) ("[I]t is only where state law is more restrictive or more favorable to the employee that it governs in lieu of" FLSA.).

The two-year statute of limitation in AWHA does not explicitly or implicitly conflict with the three-year period contained in FLSA. The statute of limitation contained in FLSA applies only to actions brought under FLSA itself. Conversely, the shorter limitation period outlined in AWHA applies to a purely AWHA cause of action. Since the different limitation periods apply to different causes of action, with different applicable defenses[5] and substantive provisions,[6] they are not in tension with one another. In the absence of a conflict between the state measure and its federal counterpart, the state statute is not pre-empted. Quinn's AWHA claim therefore is governed by the two-year limitation period contained in AWHA itself.

 However, in view of the fact that the time between the filing of the complaint and the partial judgment on the pleadings was relatively short, Quinn should be permitted to amend his complaint to allege a claim under FLSA, which would be governed by the longer limitation period contained in that statute. *See Webster,* 621 P.2d at 901–02 (contemplating that suits for unpaid overtime may be filed under both federal and state statutes, reducing enforcement costs and permitting offset of state award by amount of federal award as appropriate). We remand the case to afford Quinn an opportunity to do so.[7]

---

**5.** At the time Quinn brought the instant action, AWHA did not provide for a "good faith" defense to the liquidated damages provision, in contrast to FLSA. *Compare* former AS 23.10.110 with 29 U.S.C. § 260.

**6.** As noted, AWHA's provisions for minimum wage, overtime pay, and liquidated damages are more generous than those contained in FLSA.

**7.** We note that in order to prevail in an action under FLSA following remand, Quinn would have to demonstrate that ASEA's breach was "willful." The term "willful" is "a term of art as used in the F.L.S.A. context." *Donovan v. Public Serv. Co. of New Mexico,* 607 F.Supp. 784, 786

(D.N.M.1984). A "willful" violation does not require an intentional disregard of FLSA. *Id.; see Donovan v. Simmons Petroleum Corp.,* 725 F.2d 83, 85 (10th Cir.1983) ("A violation may be willful even if an employer does not have specific knowledge that his actions violate the Act."). Rather, "[a]n employer acts willfully and subjects himself to the three[-]year liability provision if he knows, or has reason to know, that his conduct is *governed by* the Fair Labor Standards Act." *Brennan v. Heard,* 491 F.2d 1, 3 (5th Cir.1974). There is evidence in the record that ASEA knew as of January 1993 that Quinn and other Business Agents were covered by FLSA. The record is silent as to whether ASEA knew or had reason to know FLSA governed Business Agents prior to

B. *Alaska Statute 23.05.140(b) Offers Quinn an Alternative Form of Relief, but It Does Not Revive AWHA Claims Barred by AS 23.10.130.*

■ In addition to making a claim under AWHA, Quinn also asserted that ASEA violated AS 23.05.140(b) by failing to pay him all the overtime he was allegedly due within three days of his termination. *See* statutes cited *supra* note 1. In *Reed v. Municipality of Anchorage*, 741 P.2d 1181 (Alaska 1987), we held that the statute of limitation for "liability created by statute," AS 09.10.070(3), applied to claims made under AS 23.05.140(b), and that the combined effect of these two statutes was to give a terminated employee up to two years and three days after termination to file a claim for unpaid wages under AS 23.05.140(b). *Reed*, 741 P.2d at 1184–85.[8] Quinn filed his complaint approximately six months after he was terminated. His claim for unpaid overtime and a penalty under AS 23.05.140(b) and (d), which provide for recovery of "all wages, salaries, or other compensation for labor or services" and for "a penalty in the amount of the employee's regular wage ... from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount," was timely filed. *Id.* However, it is not the case, as Quinn implies, that his timely filing under AS 23.05.140(b) revives AWHA claims "forever barred" by AS 23.10.130. To hold otherwise would be to do violence to the plain language of that statute.[9]

C. *The Six–Year Statute of Limitation for Contracts in AS 09.10.050(1) Applies to ASEA's Alleged Breach of the Collective Bargaining Agreement.*

■ In our decision in *Reed*, we construed Reed's cause of action to allege a breach of the collective bargaining agreement between the Municipality and Reed's union, as well as a cause of action under AS 23.05.140(b). We held that while the latter claim was governed by the limitation period contained in AS 09.10.070(3), the six-year statute of limitation for contract actions contained in AS 09.10.050 applied to Reed's claim for breach of contract. *Id.* at 1185.

This case falls squarely under *Reed*. Quinn did not attach a copy of the collective bargaining agreement to his complaint, as did Reed. *Id.* However, he did attach a copy to his motion for summary judgment, and he argued below that the six-year statute of limitation applies. Also, as in *Reed*, "[b]oth parties agree that they are bound by the collective bargaining agreement." *Id.* Thus, it is fair to construe Quinn's complaint as alleging a breach of the collective bargaining agreement, and to hold that the six-year statute of limitation for contracts applies. *Id.* Quinn filed his complaint in February 1994. He seeks unpaid overtime dating back to 1990. Quinn's claim for unpaid overtime under a breach of contract theory is not barred by AS 09.10.050(1).

■ However, as discussed *supra*, Quinn's timely filing under the contract statute of limitation does not rekindle unpaid liquidated damages claims "forever barred" by the statute of limitation in AWHA. Quinn incorrectly asserts that because he satisfied the contract statute of limitation, he may seek "all wages and penalties for up to six years." He may seek full recovery of all unpaid over-

January 1993. This issue therefore remains unresolved, and must be addressed on remand, assuming Quinn amends his complaint to allege a claim under FLSA.

**8.** Reed did not claim wages or penalties under AWHA. *Reed*, 741 P.2d at 1184–85.

**9.** *Dayhoff v. Temsco Helicopters, Inc.*, 772 P.2d 1085 (Alaska 1989), did not hold that the longer statute of limitation created by combining AS 09.10.070(3) and AS 23.05.140(b) applies to claims of unpaid overtime under AWHA. In fact, *Dayhoff* states that AS 23.10.130 governs unpaid

overtime claims under AWHA. *Id.* at 1087 ("The employees' claims for unpaid overtime are subject to a two-year statute of limitations. AS 23.10.130."). The court in *Dayhoff* was not called upon to resolve the question presented by the facts of this case because the employees in *Dayhoff* filed their complaint after even the longer statute of limitation had run. *Dayhoff* speaks to the "latest" date the statutes of limitation may have begun to run, *id.*, but does not address the "earliest" such date, which is the issue here. *Dayhoff* therefore does not dictate a result in the present case.

time,[10] but whatever penalties he is entitled to under AWHA are subject to the statute of limitation in AS 23.10.130.

■ There is no merit to ASEA's argument that Quinn's breach of contract action is governed by the six-month statute of limitation in the National Labor Relations Act (NLRA). *See* 29 U.S.C. § 160(b). In *Del-Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the United States Supreme Court held that the NLRA's six-month statute of limitation applies to "hybrid" claims in which the employee has a cause of action against the employer for breach of a collective bargaining agreement, and against his or her union for breach of its duty of fair representation. *Id.* at 169–70, 103 S.Ct. at 2293–94; *see Cabarga Cruz v. Fundacion Educativa Ana G. Mendez Inc.*, 822 F.2d 188, 191 (1st Cir.1987) ("The typical hybrid action involves a claim that the employer violated the collective bargaining agreement and the union failed to handle properly the grievance of the plaintiff-employee who was injured as a result of the employer's action."). However, when an employee only sues the employer for breach of a collective bargaining agreement, the state statute of limitation for contract actions applies. *See International Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–07, 86 S.Ct. 1107, 1112–14, 16 L.Ed.2d 192 (1966); *Cabarga Cruz*, 822 F.2d at 191 ("If a claim represents, in essence, purely a breach of contract action against the employer, the proper limitations period is not the six month period established by *DelCostello*, but rather that provided by state law for breach of contract actions."). Quinn is suing ASEA for breach of contract, and therefore AS 09.10.070(3) applies.

## IV. CONCLUSION

Under either AS 23.05.140(b) or a breach of contract theory, Quinn is entitled to seek recovery of the entire amount of unpaid overtime allegedly due. In addition, under AS 23.05.140(d) Quinn may be entitled to receive a penalty not to exceed his regular wage for

ninety days. Quinn's AWHA claims were properly limited by the district court, but he is entitled to amend his complaint to seek recovery of unpaid overtime and liquidated damages under FLSA. However, Quinn may not combine theories to seek double recovery of unpaid overtime. The district court's order is VACATED, and the case is REMANDED for further proceedings.

RABINOWITZ, J., not participating.

---

**10.** In addition, while Quinn may recover all actual unpaid overtime, he may not seek double recovery of such funds by attempting to recover unpaid wages multiple times under different theories.