**ALASKA NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Vincent Chad JONES, Robert A. Rehbock, esq., and Paul W. Paslay, esq., Appellees.**

**No. S–8519.**

Supreme Court of Alaska.

Dec. 10, 1999.

Rehearing Denied Jan. 5, 2000.

---

Trena L. Heikes, Law Office of Trena L. Heikes, Anchorage, for Appellant.

J.L. McCarrey III, Law Offices of McCarrey & McCarrey, Anchorage, for Appellees.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*OPINION*

BRYNER, Justice.

I. *INTRODUCTION*

After sustaining a workplace injury, Vincent Jones received workers' compensation benefits from his employer's insurer, Alaska National Insurance Company (ANIC). Jones retained attorneys Robert Rehbock and Paul

Paslay to sue the third party who caused his injury. They negotiated and collected a $450,000 settlement, then refused to reimburse ANIC's prior payments of benefits to Jones. ANIC sued Rehbock, Paslay, and Jones, claiming a right to share in Jones's recovery. The superior court dismissed as to Rehbock and Paslay, ruling that ANIC could only sue Jones. But we hold that AS 23.30.015(g) entitles ANIC to claim reimbursement from the proceeds generated in the third-party settlement and to enforce this claim as an equitable lien or under the constructive trust doctrine. Because ANIC alleges that Rehbock and Paslay are holding the settlement, the superior court erred in ordering their dismissal.

II. *FACTS AND PROCEEDINGS*

Alaska National Insurance Company, the workers' compensation insurer of Alaska Aquaculture Foundation, Inc., covered Vincent "Chad" Jones, an Alaska Aquaculture employee who was injured as a result of an equipment malfunction. ANIC states that its payments to Jones, which began in October 1993, have totaled $118,985.61. Under AS 23.30.015(g), if Jones recovered damages from a third person for his injuries, ANIC would be entitled to reimbursement for the benefits it paid him.[1]

Represented by attorneys Robert Rehbock and Paul Paslay, Jones brought a tort suit in federal court in May 1995 against Industrial Plastics, which manufactured the machine part that allegedly malfunctioned and caused his injury. Throughout that litigation, counsel for Jones and ANIC were in communication. ANIC's counsel, Trena Heikes, provided Paslay with documents to assist in the suit and informed him of ANIC's payments. Heikes expected that ANIC would be compensated out of any proceeds recovered from the suit against Industrial Plastics; she said

1. AS 23.30.015(g) provides, in relevant part:

If the employee or the employee's representative recovers damages from the third person, the employee or representative shall promptly pay to the employer the total amounts paid by the employer under (e)(1)(A)-(C) of this section insofar as the recovery is sufficient after deducting all litigation costs and expenses. Any excess recovery by the employee or representa-

tive shall be credited against any amount payable by the employer thereafter.

Under AS 23.30.015(i), ANIC stood in the shoes of Alaska Aquaculture because ANIC assumed payment of Jones's benefits: "If the employer is insured and the carrier has assumed the payment of compensation, the carrier shall be subrogated to all the rights of the employer." AS 23.30.015(i).

in a letter to Paslay: "Because the carrier is entitled [under AS 23.30.015(g)] to reimbursement of the monies from any third party recovery, I would ask that you please keep me advised as litigation and settlement negotiations proceed."

Rehbock called Heikes on January 10, 1997, informing her that Industrial Plastics had offered a $450,000 settlement and requesting ANIC to reduce its lien to $50,000. Paslay followed up a short while later by sending Heikes a settlement calculation that assessed ANIC's "carrier lien" at $76,129.06, after a deduction for attorney's fees and costs. On January 22 Heikes rejected Rehbock's request to reduce ANIC's lien: "I see no reason the carrier should waive any portion of a lien to which it is fully, legally entitled." According to Heikes, Rehbock called the next day to offer $60,000; she responded that ANIC would accept nothing less than the full amount it had paid Jones.

Rehbock and Paslay did not contact Heikes again until March 20, 1997, when Rehbock called and promised that he would explain Jones's legal position in a "long letter." That letter, dated April 8, 1997, stated: " We reject the implicit legal assumption that your client(s) have a 'lien' or any other equitable or legal right to recover any benefits paid for Workers Compensation except as created, defined and limited by the Workers Compensation Act."

The letter went on to say that Jones had chosen to accept a settlement without ANIC's approval, a course of action that would entitle ANIC to cut off Jones's future benefits.[2] The letter offered ANIC one last chance to resolve its claim by agreeing to approve Jones's settlement in return for a payment of $35,000: "Should your clients wish to change their mind and exercise their rights to approve the settlement and continue future benefits according with [sic] the

Act, [this] offer affords them a final opportunity to do so."

In a telephone conversation that same day with Rehbock, Heikes learned that Rehbock had settled the claim "some time ago." Indeed, the federal court had dismissed the suit on February 5, 1997. Heikes asked Rehbock to put a portion of the disputed money in a trust "to at least cover [ANIC's] lien pending the outcome of this action"; Rehbock refused.

On April 23, 1997, ANIC filed the complaint in this action, naming Jones, Rehbock, and Paslay as defendants. ANIC claimed that under AS 23.30.015(g) and Alaska case law, it was entitled to reimbursement out of Jones's settlement with Industrial Plastics, for $80,161.22 in benefits payments, plus prejudgment interest. ANIC further asserted that it "is informed and believes that some or all of said settlement funds are being held by defendants Rehbock and or Paslay."

Acting in their capacity as named defendants, Rehbock and Paslay moved to dismiss ANIC's complaint under Alaska Civil Rule 12(b)(6), claiming that AS 23.30.015(g) did not support a claim for relief against them.[3] The superior court granted this motion, ruling that in the event of a third-party settlement, AS 23.30.015 gives an employer or its carrier a cause of action for reimbursement only against the employee, not against the settlement proceeds or the employee's attorneys. The court also ruled that, as Jones's attorneys, Rehbock and Paslay owed ANIC no fiduciary duty requiring them to surrender the settlement funds; their only duty was to hold the funds on behalf their client. ANIC appeals this ruling.

## III. DISCUSSION

### A. Standard of Review

■■■ The superior court dismissed ANIC's complaint under Civil Rule 12(b)(6) for failure to state a claim upon which relief

---

2. See AS 23.30.015(h):

> If compromise with a third person is made by the person entitled to compensation . . . of an amount less than the compensation to which the person . . . would be entitled, the employer is liable for [further payment of] compensation . . . only if the compromise is made with the employer's written approval.

3. Rehbock and Paslay did not move to dismiss on behalf of Jones. ANIC had initially attempted to serve the complaint on Jones at his residence in Wrangell but was unsuccessful; Rehbock had informed Heikes that by then "Chad Jones live[d] outside the country continuing his education in Middle Eastern studies," in Ahman, Jordan.

can be granted. Motions to dismiss under this rule are to be sparingly granted; courts considering such motions "are obliged to construe complaints liberally and give [them] the benefit of the doubt."[4] It is enough that a complaint sets forth allegations of fact consistent with some enforceable cause of action on any possible theory.[5]

▮ ANIC argues that in ruling on the dismissal motion in this case, the superior court improperly considered facts outside the pleadings. As this court has stated, "Civil Rule 12(b) requires the trial court affirmatively to exclude outside materials if it does not consider the conversion of a Rule 12(b)(6) motion to one for summary judgment to be desirable."[6]

Here, the superior court did not explicitly exclude the outside materials. And in addressing the issue of fiduciary duty it stated, "the defendants did not agree to represent the interests of the plaintiff. In fact, as the plaintiff has shown, the *evidence* is that the defendants did just the opposite." (Emphasis added.) But this in itself does not dictate reversal. We may review the superior court's dismissal order as if the court had excluded the outside materials, or we may review it as if the court had converted the motion to dismiss into one for summary judgment.[7] We choose to treat the court's order as a dismissal excluding outside evidence; addressing the complaint alone, we find that there is a colorable cause of action that merits a remand.

B. *Alaska Statute 23.30.015(g) Gives ANIC a Colorable Cause of Action To Recover Its Share of the Third–Party Settlement from Rehbock and Paslay.*

▮ Upon Jones's successful recovery of third-party damages in the federal tort litiga-

tion, AS 23.30.015(g) required him to "promptly pay to [ANIC] the total amounts paid by [ANIC as workers' compensation benefits] insofar as the recovery is sufficient after deducting all litigation costs and expenses."[8] The parties dispute whether this provision gives ANIC the right to proceed against the settlement fund that ANIC alleges to be in Rehbock's and Paslay's possession. ANIC asserts that AS 23.30.015(g) allows it to proceed not just against Jones, but directly against the settlement fund itself, as it might in enforcing a lien. But Rehbock and Paslay contend that "[t]he statute imposes no more than an *employee's* duty to repay compensation benefits" and "does not create a pool of funds from which [ANIC] may extract payment." They insist that "[w]hile the employee may repay subrogation claims from the third-party recovery, he is not required to do so. Put differently, the statute does not dictate the financial source for subrogation repayment; only that it should be repaid."

Rehbock's and Paslay's arguments are unpersuasive. In providing for reimbursement after a third-party recovery, AS 23.30.015(g) requires that "the employee ... promptly pay" the employer "insofar as the recovery is sufficient." This language explicitly identifies the third-party "recovery" as the source that enables and limits the reimbursement. It also implicitly looks to the settlement as a source for payment by requiring that employees "promptly pay" after settling third-party claims. Rehbock and Paslay argue that this language merely "requests the employee to 'promptly pay.'" But the legislature ordinarily includes language in a statute for a purpose;[9] we thus decline to read the

---

**4.** See *Reed v. Municipality of Anchorage,* 741 P.2d 1181, 1184 (Alaska 1987) (reiterated on remand, *Reed v. Municipality of Anchorage,* 782 P.2d 1155, 1156 (Alaska 1989)); 2A J. Moore, *Moore's Federal Practice* § 12.08 (1985); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 598 (1969), *quoted in Knight v. American Guard & Alert, Inc.,* 714 P.2d 788, 791 (Alaska 1986).

**5.** See *Reed,* 741 P.2d at 1184.

**6.** *Id.* at 1183–84; *see also Martin v. Mears,* 602 P.2d 421, 426 (Alaska 1979) ("[I]n the future all

trial courts must expressly state whether they have in fact excluded or considered such materials in reaching their decisions.").

**7.** See *Reed,* 741 P.2d at 1184 (citing *Martin,* 602 P.2d at 427).

**8.** *See supra* note 1 (quoting text of AS 23.30.015(g)).

**9.** *See Rydwell v. Anchorage Sch. Dist.,* 864 P.2d 526, 530–31 (Alaska 1993).

prompt payment requirement as a mere invitation for employees to act without delay. Had the legislature intended nothing more than to encourage good behavior, it might as well have asked employees to pay cheerfully as well as promptly.

Moreover, construing AS 23.30.015(g) to imply a cause of action enforceable against the third-party settlement fund comports with the statute's primary goal of preventing an injured employee from obtaining a double recovery at the employer's expense. As we have stated in previous cases, "[t]he clear purpose of this section is to allow employees to seek damages from third-party tortfeasors without jeopardizing their compensation while, at the same time, allowing employers to share in damage awards up to the limit of their exposure under the workers' compensation law."[10] Denying ANIC a cause of action enforceable against the settlement proceeds would frustrate this statutory purpose, allowing Jones, through his attorneys, to retain funds that the statute directs to insurers.

This interpretation also comports with our decision in *Forest v. Safeway,* where we recognized that an employer has an interest in an injured employee's third-party claims but held that this interest depends on the employee's prosecution of the claim.[11] When an employee does prosecute and prevail on a third-party claim, it follows that the employer's dependent interest in the suit ripens into an interest in the employee's recovery. And under AS 23.30.015(g), this interest no longer depends on anything other than the sufficiency of the recovery.

Because AS 23.30.015(g) gave ANIC an interest in and a right to seek reimbursement from Jones's third-party federal tort settlement, ANIC's position can fairly be likened to that of the insurer in *Rice v. Denley.*[12] In that case, the insurer, Colonial,

paid subrogated medical expenses to its insured, Denley, and Denley pursued those expenses in a third-party action.[13] We held that Colonial "had a claim on [the settlement] funds to the extent of its payment ... [that] could be enforced either as á constructive trust or as an equitable lien."[14]

Likewise we conclude that ANIC's complaint on its face states a colorable cause of action that could be enforced as a constructive trust or equitable lien against Rehbock and Paslay, who, the complaint alleges, collected and now hold "some or all of" Jones's settlement funds.

## IV. CONCLUSION

Because we hold that ANIC's claim states a cause of action for which relief can be granted under AS 23.30.015(g), we REVERSE the judgment and REMAND the case to the superior court for further proceedings.

---

10. *Forest v. Safeway Stores, Inc.,* 830 P.2d 778, 781–82 (Alaska 1992).

11. *See id.* at 780 n. 4.

12. 944 P.2d 497 (Alaska 1997).

13. *See id.* at 498–99.

14. *Id.* at 500; *see also McKnight v. Rice, Hoppner, Brown & Brunner,* 678 P.2d 1330, 1334–35 (Alaska 1984) (quoting G. Bogert, *Trust and Trustees* § 471, at 3 (rev.2d ed.1978)) (defining the constructive trust doctrine and recognizing that a court order requiring the assignment of insurance proceeds created a constructive trust in the funds).