VINCENT LEPORE, PLAINTIFF-RESPONDENT, v. NATIONAL
TOOL AND MANUFACTURING COMPANY,
DEFENDANT-APPELLANT.

Argued March 13, 1989—Decided May 15, 1989.

*Wayne J. Positan* argued the cause for appellant (*Lum, Hoens, Abeles, Conant & Danzis,* attorneys; *Wayne J. Positan* and *Steve M. Kalebic,* on the briefs).

*Vincent LePore* argued the cause *pro se.*

*Clifford Gregory Stewart,* Assistant Deputy Public Advocate, argued the cause for *amicus curiae* New Jersey Depart-

ment of the Public Advocate (*Alfred A. Slocum*, Public Advocate, attorney).

*Bennet D. Zurofsky* submitted a brief on behalf of *amicus curiae* New Jersey Industrial Union Council, AFL-CIO (*Reitman, Parsonnet, Maisel & Duggan*, attorneys).

PER CURIAM.

We affirm substantially for the reasons set forth in Judge Conley's thoughtful opinion. In affirming, we note that the Appellate Division opinion is supported by the subsequent decision of the United States Supreme Court in *Lingle v. Norge Division of Magic Chef, Inc.*, 486 *U.S.* 399, ——, 108 *S.Ct.* 1877, 1883, 100 *L.Ed.*2d 410, 420–21 (1988). There, the Court held that an employee covered by a collective-bargaining agreement could bring an action for wrongful discharge that violates independent state law. Here, the Appellate Division concluded that at the time of respondent's discharge, state law, as well as federal law, prevented an employer from discharging an employee for reporting workplace safety violations. 224 *N.J. Super.* 463, 468–70 (1988). Under *Lingle*, respondent's cause of action has an independent basis in state law. 486 *U.S.* at —— n. 6, 108 *S.Ct.* at 1882 n. 6, 100 *L.Ed.*2d at 419 n. 6.

It would be anomalous, moreover, to afford protection to all employees, including those covered by a collective-bargaining agreement, who are terminated after the effective date of the Conscientious Employee Protection Act, *N.J.S.A.* 34:19–1 to –8, and to at-will employees terminated prior to the Act under the common law, but not to covered employees who are fired prior to the Act. Our recognition of a common-law cause of action for covered employees merely closes a narrow gap between the protection granted by the statute and our earlier decision in *Pierce v. Ortho Pharmaceutical Corp.*, 84 *N.J.* 58 (1980), which dealt with at-will employees.

Referring to the Act, the Appellate Division stated:

> Although enacted after the retaliatory discharge here and, thus, not directly applicable, we view this legislation as a reaffirmation of this state's repugnance to an employer's retaliation against an employee who has done nothing more than assert statutory rights and protections and a recognition by the Legislature of a preexisting common-law tort cause of action for such retaliatory discharge.
>
> [224 *N.J.Super.* at 470 (citation omitted).]

The fact that plaintiff was covered by a collective-bargaining agreement, moreover, should not preclude a cause of action predicated on an independent basis. As *Lingle* makes clear, a suit based on an independent state cause of action does not undermine a collective-bargaining agreement.

We have taken account of defendant's argument that the result conflicts with general legislative policies of achieving labor peace and the just resolution of disputes through the collective-bargaining process. In this instance, however, the Legislature has chosen to provide an alternative to the remedies provided in the collective-bargaining agreement. *See Thornton v. Potamkin Chevrolet*, 94 *N.J.* 1 (1983) (enforcement of New Jersey's law against discrimination and the collective-bargaining process complement rather than conflict with each other).

To conclude, an employee covered by a collective-bargaining agreement, like an at-will employee, should be allowed to maintain an action for a wrongful discharge made in retaliation for reporting safety and health violations.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN—7.

*Opposed*—None.