George C. REED, Appellant,

v.

MUNICIPALITY OF
ANCHORAGE, Appellee.

No. S–2901.

Supreme Court of Alaska.

Nov. 9, 1989.

Richard P. Collins, Anchorage, for appellant.

James A. Crary, Asst. Mun. Atty., and Richard D. Kibby, Mun. Atty., Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

MATTHEWS, Chief Justice.

## INTRODUCTION

The Municipality of Anchorage (Municipality) fired George C. Reed in retaliation for complaining to the state and the Mayor of Anchorage about allegedly unsafe working conditions. This appeal raises the issue of whether the remedies for retaliatory discharge under the state "whistle blowing" statute, AS 18.60.089, are exclusive. We hold that they are not.

## STATEMENT OF THE FACTS[1]

Reed began working for the Municipality at the Anchorage Wastewater Treatment Plant on August 24, 1981. On or about March 1, 1982, he filed a job safety and health complaint with the Alaska Department of Labor, Division of Labor Standards and Safety (DOL), as a result of employee injuries. At the same time Reed filed a telephone complaint with the office of the Mayor of Anchorage. On or about March 31, 1982, the Municipality terminated Reed.

Reed then complained to the DOL that he had been terminated for "whistle blowing." DOL investigated Reed's complaint and determined that the Municipality had terminated Reed in violation of AS 18.60.089, the "whistle blower protection" statute. On September 30, 1982, DOL sued the Munici-

---

1. The facts underlying this case are presented in detail in *Reed v. Municipality of Anchorage,* 741 P.2d 1181 (Alaska 1987), a predecessor case to this one. Accordingly, only a summary of the facts pertinent to this appeal is presented here.

pality under AS 18.60.089 for unlawfully discharging Reed.[2] Reed filed his own wrongful termination suit against the Municipality on April 2, 1984 (Reed I).[3] DOL and the Municipality later stipulated to a dismissal of the action between them with prejudice, stipulating also that such dismissal "in no way affects the status" of Reed I.

The superior court dismissed Reed I without any explanation or making any findings of fact or conclusions of law. *Reed v. Municipality of Anchorage,* 741 P.2d 1181, 1183 (Alaska 1987). We vacated the decision of the superior court and remanded the case, holding that:

> [N]either the statute of limitations nor the doctrine of exhaustion of administrative remedies bars Reed's wage claim or wrongful termination claim. The Municipality's arguments that Count II [wrongful discharge] fails to state a claim for which relief may be granted, and that this count should be dismissed for failure to prosecute, are without merit.

*Id.* at 1187.

On remand (Reed II), the Municipality moved for judgment on the pleadings under Alaska R.Civ.P. 12(b)(6) and (h)(2). The Municipality claimed that Alaska's Occupational Safety and Health Act (AK–OSHA), AS 18.60.010–18.60.105, controlled Reed II. According to the Municipality, AK–OSHA "both created the new cause of action of retaliatory discharge for safety complaints and also provides a statutory remedy for the cause of action which is exclusive." Therefore, argued the Municipality, the only remedy available to Reed is that set out in the statute and Reed has no private cause of action under AS 18.60.010–18.60.105.

2. No. 3AN–82–7675 Civil.

3. No. 3AN–84–3017 Civil.

4. Alaska Statute 18.60.089 is based upon a similar provision of the Federal Occupational Safety and Health Act, 29 U.S.C.A. § 660(c) (West 1985). That section provides:
 Discharge or discrimination against employee for exercise of rights under this chapter; prohibition; procedure for relief

The superior court dismissed Reed II for failure to state a claim for which relief may be granted. This appeal arises from that dismissal.

*STANDARD OF REVIEW*

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 598 (1969) (hereinafter cited as Wright & Miller). This is because courts are obliged to construe complaints liberally. *Id. See* 2A J. Moore, Moore's Federal Practice § 12.08 (1985).... In *Linck v. Barokas & Martin,* 667 P.2d 171, 173 (Alaska 1983) we said: "In determining the sufficiency of the stated claim it is enough that the complaint set forth allegations of fact consistent with and appropriate to *some enforceable cause of action.*" (Emphasis added). Wright and Miller make a similar point: "[T]he court is under a duty to examine the complaint to determine if the allegations provide for relief *on any possible theory.*" Wright & Miller, *supra,* at 602 (emphasis added).

*Knight v. American Guard & Alert, Inc.,* 714 P.2d 788, 791 (Alaska 1986).

I. DOES AS 18.60.089 PROVIDE THE EXCLUSIVE REMEDY FOR RETALIATORY DISCHARGE OF HEALTH AND SAFETY ISSUE WHISTLE BLOWERS?

A. *Does AS 18.60.089 Confer A Private Cause of Action?*

Reed claims that AS 18.60.089 creates a private cause of action for individuals discharged in retaliation for complaining about violations of health and safety standards. This is incorrect.

Alaska Statute 18.60.089 reads in full:[4]

> (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
> (2) Any employee who believes that he has been discharged or otherwise discriminated

Prohibition against retribution. (a) A person may not discharge or discriminate against an employee because the employee has filed a complaint or instituted or caused to be instituted a proceeding related to the enforcement of occupational safety and health standards, or has testified or is expected to testify in a proceeding relating to occupational safety and health or because an employee has exercised personally or on behalf of others a right afforded under AS 18.60.010–18.60.-105.

(b) An employee who has been discharged or discriminated against by a person in violation of this section may, within 30 days after the violation occurs, file a complaint with the commissioner alleging the discrimination. Upon receipt of the complaint, the commissioner shall investigate the matter as the commissioner considers appropriate. If, upon investigation, the commissioner determines that this section has been violated, the commissioner shall request the attorney general to bring an action in the superior court against the violator. The superior court has jurisdiction to restrain violations of (a) of this section and to order all appropriate relief including rehiring or reinstatement of the employee to the employee's former position with back pay.

(c) Within 90 days of the receipt of a complaint filed under this section, the commissioner shall notify the complainant of the determination under (b) of this section.

Upon examination it can be seen clearly that AS 18.60.089 does not explicitly create a private cause of action to remedy a violation of AS 18.60.089. Nothing in the statutory language remotely suggests that it does. Nor have we found any case law, state or federal, holding to that effect.

Courts uniformly hold that health and safety legislation such as AS 18.60.089 does not create a private cause of action *in the absence of explicit language to that effect.*[5] Some states recognize a private cause of action under state OSHA statutes, but in every instance the statute itself explicitly provides for the private cause of action.[6] In summary, AS 18.60.089 creates

against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district court shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay. (3) Within 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection.

5. AK–OSHA is based upon the federal OSHA (Fed–OSHA). Accordingly, consideration of federal case law is appropriate. In *Taylor v. Brighton Corp.,* 616 F.2d 256, 264 (6th Cir.1980) the court held that Fed–OSHA created no explicit or implied private right of action. *See also George v. Aztec Rental Center, Inc.,* 763 F.2d 184, 186 (5th Cir.1985) (no private cause of action under federal law for private employer's retaliatory discharge of employee contrary to Fed–

OSHA); *Holmes v. Schneider Power Corp.,* 628 F.Supp. 937, 939 (W.D.Pa.1986), *aff'd.* 806 F.2d 252 (3d Cir.1986) ("we know of no case which held that § 660(c) [Fed–OSHA] did afford a private remedy and we believe that the *Taylor* court correctly decided that no such private right of action should be implied from [Fed–OSHA]").

State case law is similarly uniform. *See Silkworth v. Ryder Truck Rental, Inc.,* 520 A.2d 1124, 1127 (Md.App.1987) (nothing in M–OSHA purports to give an employee any private right of action in court for violation of a health and safety standard); *Ohlsen v. DST Indus., Inc.,* 111 Mich.App. 580, 314 N.W.2d 699, 701 (1981) (there is no common law right to refuse to work upon alleging an unsafe workplace therefore the administrative remedy in MI–OSHA is exclusive and not cumulative).

6. *Lepore v. National Tool and Mfg. Co.,* 224 N.J.Super. 463, 540 A.2d 1296, 1299 (1988), *aff'd,* 115 N.J. 226, 557 A.2d 1371 (1989) (private right of action to remedy OSHA whistle blowing discharge because such remedy existed at common law and the N.J. Worker and Safety Act was not intended to affect in any way "any right or remedy ... existent at common law"); *Brevik v. Kite Painting, Inc.,* 416 N.W.2d 714, 716 (Minn. 1987) (plain import of last sentence of Minn-OSHA is that an employee can bring a private

neither an explicit nor an implied private cause of action.

## B. *Does AS 18.60.089 Abrogate Any Common Law Remedies?*

Reed claims that Alaska common law recognizes a covenant of good faith and fair dealing that is implied in employment contracts. According to Reed, the Municipality breached this implied covenant by discharging him in retaliation for "whistle blowing." Therefore, Reed argues, a remedy for his retaliatory discharge exists at common law. Finally, Reed argues further that AS 18.60.089 did not abrogate this common law remedy.

### 1. *Implied Covenant of Good Faith and Fair Dealing*

We have previously recognized that "every contract imposes upon each party a duty of good faith and fair dealing in its performance or its enforcement." *Mitford v. de Lasala,* 666 P.2d 1000, 1006 (Alaska 1983), (quoting Restatement (Second) of Contracts § 205 (1981)). Further, we have recognized that this duty is implied in employment contracts and that the breach of this duty creates an enforceable cause of action. *Id.* at 1006 (good faith covenant is implicit in at-will employment contract). Finally, we have specifically recognized that a retaliatory discharge gives rise to a cause of action for breach of the duty of good faith and fair dealing that is implied in employment contracts. *See Knight v. American Guard & Alert, Inc.,* 714 P.2d 788, 792 (Alaska 1986).

 In *Knight* we held that a complaint which alleged retaliatory termination of employment stated an enforceable cause of action. *Id.* at 792. We reversed the trial court's determination that the complaint

failed to state a claim for which relief could be granted. *Id.* In the case at bar, Reed alleges that the Municipality terminated him in retaliation for "whistle blowing" and that in doing so, the Municipality breached the covenant of good faith and fair dealing that is implied in employment contracts. We hold that Reed's allegation expresses a breach of contract theory which we have previously recognized as an enforceable cause of action at common law.

### 2. *AS 18.60.089*

 The Municipality claims that AS 18.-60.089 creates a cause of action for retaliatory discharge for safety complaints. Further, the Municipality argues that AS 18.60.089 contains the exclusive remedy for such retaliatory discharge. Reed argues that this statute is cumulative to his common law rights and that the statutory remedy "is by no means 'exclusive.' "

As we discussed above, Reed's allegation expresses a valid common law breach of contract theory. Accordingly, AS 18.60.089 does not create the sole cause of action for retaliatory discharge for safety complaints. We now examine whether AS 18.60.089 preempts Reed's common law remedy.

On its face, AS 18.60.089 contains no such prohibition. Indeed, it seems to us that the statute does not preclude an employee from instituting an action in Alaska under a recognized tort or contract theory. Alaska Statute 18.60.089(b) states that an employee *may* file a complaint with the commissioner.[7] Such action is permissive and is required to initiate the remedial process specifically contained in the statute. This process consists of the commissioner's investigation of the employee's complaint. However, AS 18.60.089 does not show an intent on the part of the legislature to preclude an employee from suing on his

---

action; the last sentence reads: "Nothing in this section precludes an employee from bringing an action for relief under this section or any other provision of law"); *Thomas v. Oregon Metallurgical Corp.,* 43 Or.App. 149, 602 P.2d 338, 340 (1979) (a civil suit may be filed as provided for in [OR–OSHA] ORS 659.121 which reads: "The affected employee shall also have the right to bring a suit ... against any person alleged to have violated this subsection."

7. Alaska Statute 18.60.089(b) reads in pertinent part:

> An employee who has been discharged or discriminated against by a person in violation of this section *may*, within 30 days after the violation occurs, file a complaint with the commissioner alleging the discrimination.

(Emphasis added).

own behalf. If the legislature had wanted to foreclose a private common law cause of action, it could have done so expressly.

Our determination that AS 18.60.089 does not preclude a suit for retaliatory discharge at common law is similar to the conclusion reached in *Cerracchio v. Alden Leeds, Inc.*, 223 N.J.Super. 435, 538 A.2d 1292 (1988). There the court allowed an employee to bring a retaliatory discharge suit in state court. *Cerracchio*, 538 A.2d at 1298. In doing so, the court reversed the trial court's decision that the federal OSHA provided the exclusive remedy for retaliatory discharge for the filing of an OSHA complaint. *Id.* According to the *Cerracchio* court "plaintiff has filed a tort action to recover damages based upon his

discharge in violation of the public policy of this State.... This is a ... claim which is entirely separate from the assertion of a claim under OSHA." *Id.* (citation omitted).

We hold that Reed's complaint does not depend upon a cause of action created by AS 18.60.089 but upon a right of action which exists independent of AS 18.60.089 and which AS 18.60.089 did not abrogate.

REVERSED and REMANDED.