*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| HELEN A. LINGLEY, | ) | |
| | ) | Supreme Court No. S-15529 |
| Appellant, | ) | |
| | ) | Superior Court No. 1PE-12-00047 CI |
| v. | ) | |
| | ) | O P I N I O N |
| ALASKA AIRLINES, INC. and | ) | |
| DAN KANE, | ) | No. 7104 – May 13, 2016 |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Petersburg, William B. Carey, Judge.

Appearances: Frederick W. Triem, Petersburg, for Appellant. Gregory S. Fisher and Elizabeth P. Hodes, Davis Wright Tremaine LLP, Anchorage, for Appellees.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I.    INTRODUCTION

A former airline employee sued her former employer for wrongful termination without first attempting to arbitrate her claims under the provisions of a collective bargaining agreement subject to the federal Railway Labor Act. The superior court denied the employee leave to amend her complaint, concluding that her claims and proposed claims were precluded by failure to exhaust contractual remedies and were preempted by the Railway Labor Act. But the collective bargaining agreement does not

clearly and unmistakably waive the employee's right to litigate her claims, a prerequisite to finding her claims precluded. And a number of her proposed claims may have an independent state law basis that does not depend on an interpretation of the collective bargaining agreement; such claims would not be preempted by the Railway Labor Act. Accordingly we reverse the superior court order denying leave to amend.

## II.    FACTS AND PROCEEDINGS

In February 2012 Alaska Airlines terminated Helen Lingley, a longtime employee, for violating company rules and polices after she allegedly took earbuds from a left-on-board box,[1] made contradictory statements during the ensuing investigation, and made discourteous comments about her coworkers. The terms and conditions of Lingley's employment were governed by a collective bargaining agreement negotiated by Lingley's union, the International Association of Machinists and Aerospace Workers, pursuant to the federal Railway Labor Act (RLA).[2] This agreement broadly incorporated Alaska Airlines' rules and policies and gave the company the right to change those rules and policies at any time. Employees were required to be familiar with any changes.

The agreement set forth a three-step process for grieving decisions that resulted in the loss of pay, namely discharge and suspension. The first two steps consisted of an "initial hearing" and a "secondary hearing," each presided over by a representative of Alaska Airlines; an employee could be represented by "the Local Shop Steward and/or the Union General Chair or his/her designee." The third step was an appeal before the System Board of Adjustment, a three-member arbitration panel consisting of "a Company member, a Union member[,] and a neutral referee." During

---

[1]    Low-value items left behind by passengers were placed in a left-on-board box; company rules and polices prohibited employees from taking these items.

[2]    45 U.S.C. §§ 151–188 (2012).

this final step, employees could be represented by "such person or persons as they may choose and designate, in conformance with the constitution of the Union."

After receiving the discharge notice, Lingley initiated the grievance process through her union. Over the next few months Alaska Airlines held two hearings in which a union representative represented Lingley's interests. Before each hearing, Alaska Airlines offered Lingley a last-chance agreement which would have allowed Lingley to remain employed if she admitted just cause existed for her discharge. Lingley declined both offers.

Following the initial and secondary hearings, the presiding company officer issued written decisions denying Lingley's grievance. The union then appealed the grievance to the System Board of Adjustment for arbitration. But about three months later, the union informed Lingley that "no appeal will be made and the case is now closed in [its] files." That same day the union sent a letter to the System Board of Adjustment asking it to remove the matter from its docket. Nothing in the record suggests that Lingley attempted to pursue arbitration on her own.

About four months later, in December 2012, Lingley filed a complaint in the superior court alleging wrongful termination and breach of the implied covenant of good faith and fair dealing. The complaint named Alaska Airlines and Dan Kane, the manager who signed her discharge notice, as defendants (collectively, "Alaska Airlines"). That complaint apparently was not served. In April 2013, Lingley filed an amended complaint again broadly alleging wrongful termination and breach of the implied covenant of good faith and fair dealing.

In response, Alaska Airlines moved to dismiss under Alaska Civil Rule 12(b)(1) for lack of subject matter jurisdiction. It argued that (1) the RLA preempted Lingley's claims and (2) the complaint was precluded by her failure to exhaust the remedies available under the collective bargaining agreement. To support the motion,

Alaska Airlines attached several exhibits including the collective bargaining agreement, various company rules and policies, Lingley's grievance submission form, and correspondence between the union and Alaska Airlines about the grievance.

Lingley then moved for a stay pending discovery, arguing that she needed information within Alaska Airlines' exclusive control. As examples she cited the exhibits attached to the motion to dismiss, internal memos and emails, her personnel file, and information that would be obtained via Alaska Civil Rule 26(a) disclosures. Alaska Airlines opposed, asserting that the jurisdictional facts that served as the basis for its motion to dismiss were established and undisputed.

Lingley then requested leave to file a second amended complaint. The proposed amended complaint alleged five new claims: age discrimination, economic discrimination, retaliation, whistleblowing, and retribution. Alaska Airlines opposed, arguing that the claims were futile based on the same preemption and preclusion grounds that applied to the first amended complaint.[3] The superior court agreed and accordingly denied leave to amend. The court also determined that, as Alaska Airlines had contended, Lingley's economic discrimination claim was legally deficient and thus futile because economic status is not a protected class.[4]

The superior court also denied Lingley's motion for a discovery continuance and dismissed Lingley's first amended complaint under Civil Rule 12(b)(1),

---

[3]     Though leave to amend a complaint "shall be freely given when justice so requires," a court may deny leave to amend when the proposed claims would be futile. *Patterson v. GEICO Gen. Ins. Co.*, 347 P.3d 562, 568-69 (Alaska 2015) (quoting Alaska R. Civ. P. 15(a)).

[4]     Lingley's economic discrimination claim alleged that Alaska Airlines terminated her to replace her "with a younger and newer employee who would have little or no seniority and thus could be paid at a lower level of compensation."

concluding that the claims were preempted by the RLA.[5]  With respect to Lingley's discovery motion, the court determined that the jurisdictional facts were established and undisputed; as such the court could consider the facts alleged in Alaska Airlines' motion, the affidavits, and the attached documentary evidence.  The court further noted that Lingley had access to all relevant facts and thus delaying the proceedings likely would be of little benefit to Lingley and would risk prejudice to Alaska Airlines.

Based on these decisions, Alaska Airlines moved for final judgment.  Lingley opposed, contending that the case was ongoing.  She argued that the court had yet to address several of her state law claims including those for defamation, intentional infliction of emotional distress, prima facie tort, and spoliation of evidence.  In response the superior court issued an order clarifying that it had already disposed of all claims and accordingly the litigation had concluded.  It explained that the unresolved claims Lingley cited had not been explicitly pled nor could they be inferred from her complaints.

Alaska Airlines then filed a second motion to enter final judgment.  Lingley opposed, again citing the unresolved state law claims; three days later she moved for the court to reconsider its clarifying order.  The superior court denied Lingley's motion for reconsideration and entered final judgment for Alaska Airlines.  Lingley appeals.

## III.   STANDARD OF REVIEW

The superior court denied Lingley leave to amend her complaint.  We generally "review the denial of a motion to amend a pleading for abuse of discretion."[6]

---

[5]     In a footnote, the superior court noted that Alaska Airlines' motion to dismiss "could also be granted on the grounds that . . . Lingley failed to exhaust the contractual remedies that were available to her under the [collective bargaining agreement]."

[6]     *Patterson*, 347 P.3d at 568 (citing *Krause v. Matanuska-Susitna Borough*, 229 P.3d 168, 174 (Alaska 2010)).

A superior court abuses its discretion "when the decision on review is manifestly unreasonable."[7] "It is within a trial court's discretion," however, "to deny such a motion where amendment would be futile because it advances a claim or defense that is legally insufficient on its face."[8] We use our independent judgment to determine whether such an amendment would be legally insufficient.[9] We may affirm the superior court on independent grounds, but only when those grounds are established by the record.[10]

The superior court also dismissed Lingley's action for lack of subject matter jurisdiction under Civil Rule 12(b)(1). "We review de novo a superior court's decision to dismiss a complaint for lack of subject matter jurisdiction."[11] In reviewing de novo we exercise our independent judgment, adopting the rule of law most persuasive in light of precedent, reason, and policy.[12]

This appeal also requires us to interpret a collective bargaining agreement. "Contract interpretation presents a question of law that we review de novo."[13] Our "goal

---

[7] *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 508 (Alaska 2015) (citing *Tufco, Inc. v. Pacific Envtl. Corp.*, 113 P.3d 668, 671 (Alaska 2005)).

[8] *Patterson*, 347 P.3d at 568 (Alaska 2015) (quoting *Krause*, 229 P.3d at 174).

[9] *Id.*

[10] *Seybert v. Alsworth*, 367 P.3d 32, 36 (Alaska 2016).

[11] *Healy Lake Vill. v. Mt. McKinley Bank*, 322 P.3d 866, 871 (Alaska 2014) (quoting *Ruckle v. Anchorage Sch. Dist.*, 85 P.3d 1030, 1033 (Alaska 2004)).

[12] *Id.*

[13] *Larsen v. Municipality of Anchorage*, 993 P.2d 428, 431 (Alaska 1999) (citing *Alaska Hous. Fin. Corp. v. Salvucci*, 950 P.2d 1116, 1119 (Alaska 1997)).

is to 'give effect to the reasonable expectations of the parties.' "[14] We discern the parties' intent by looking "to the written contract as well as extrinsic evidence . . . at the time the contract was made."[15] If there is conflicting extrinsic evidence, we, not a jury, must "decide the question of meaning except where the written language, read in context, is reasonably susceptible to both asserted meanings."[16]

Finally this appeal requires statutory interpretation, which is a question of law.[17] We decide questions of law using our independent judgment, adopting the "most persuasive rule of law in light of precedent, reason, and policy."[18] When interpreting a statute we consider its text, legislative history, and purpose.[19]

## IV. DISCUSSION

### A. The Superior Court Abused Its Discretion When It Denied Lingley's Motion To Amend Her Complaint.

The superior court denied Lingley's motion to amend her complaint, concluding that the claims in the proposed amended complaint were futile because Lingley did not exhaust her contractual remedies and because the RLA preempted many of Lingley's claims.

---

[14] *Id.* (quoting *Stepanov v. Homer Elec. Ass'n*, 814 P.2d 731, 734 (Alaska 1991)).

[15] *Id.* (quoting *Municipality of Anchorage v. Gentile*, 922 P.2d 248, 256 (Alaska 1996)).

[16] *Id.* (quoting *Johnson v. Schaub*, 867 P.2d 812, 818 (Alaska 1994)).

[17] *Donahue v. Ledgends, Inc.*, 331 P.3d 342, 346 (Alaska 2014).

[18] *Id.* (citing *ASRC Energy Servs. Power & Commc'ns, LLC v. Golden Valley Elec. Ass'n*, 267 P.3d 1151, 1157 (Alaska 2011)).

[19] *Id.*

Leave to amend "shall be freely given when justice so requires."[20] But we have recognized that denial of leave to amend might be justified given "undue delay, bad faith or dilatory motive . . . [by] the movant, repeated failure to cure deficiencies by amendments . . . , undue prejudice to the opposing party . . . , [or] futility of the amendment, etc."[21] As noted above, we use our independent judgment in determining whether an amendment would be legally insufficient.[22]

### 1. Lingley's motion to amend was timely and granting leave would not cause apparent prejudice to Alaska Airlines.

Alaska Airlines argues that allowing Lingley to litigate her claims would cause the airline prejudice because it has a right to resolve the dispute "in the forum mandated by Congress and selected by the parties' collective bargaining agreement"; this alternative forum, it contends, shields it from the time and expense of litigation. Lingley argues that Alaska Airlines points only to "run-of-the-mill tasks of defending a . . . lawsuit," grounds that do not support finding undue prejudice. We agree.

A superior court may deny leave to amend when allowing the amendment would cause undue prejudice to the other party.[23] But time and additional expense alone do not support such a finding.[24] "If the underlying facts or circumstances relied upon by

---

[20] Alaska R. Civ. P. 15(a).

[21] *Patterson v. GEICO Gen. Ins. Co.*, 347 P.3d 562, 569 (Alaska 2015) (quoting *Miller v. Safeway, Inc.*, 102 P.3d 282, 294 (Alaska 2004)).

[22] *Id.* at 568.

[23] *Id.* at 569.

[24] *See Miller*, 102 P.3d at 295 ("Given that the timeline for discovery was extended after [the nonmoving party] received notice of [the movant's] new claims, [the nonmoving party] was not unreasonably burdened by the task of preparing for litigation
(continued...)

a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test [the] claim on the merits."[25]

Lingley moved to file a second amended complaint about two months after she filed her first amended complaint. This motion was timely and nothing in the record suggests that granting it would have caused Alaska Airlines undue prejudice. The court had yet to set a trial date, and the discovery process had yet to begin. At this early stage, the hardship caused by denying Lingley the opportunity to test the merits of her claims outweighs any prejudice to Alaska Airlines.

**2.     Because the collective bargaining agreement did not clearly and unmistakably waive Lingley's right to litigate, the claims were not subject to mandatory arbitration.**

The superior court ruled that Lingley's proposed claims were precluded by her failure to exhaust administrative remedies. Though an employee may have the right to pursue a claim in state court — because the claim is not preempted by the RLA — an employee may waive the right to litigate the claim through her employment contract.[26] Lingley contends that her employment contract (the collective bargaining agreement) does not waive her right to pursue claims in state court.

---

(...continued)
of the new theories.").

[25]     *Id.* (alteration omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[26]     *Bernard v. Alaska Airlines, Inc.*, 367 P.3d 1156, 1163-64 (Alaska 2016), (citing *Hammond v. State, Dep't of Transp. & Pub. Facilities*, 107 P.3d 871, 877 (Alaska 2005)) (discussing language in a collective bargaining agreement that is identical to that in the agreement governing Lingley's employment).

In *Bernard v. Alaska Airlines, Inc.* we recently considered a collective bargaining agreement that is substantively the same as the one now before us.[27] We held that the agreement does not preclude litigation of an employee's claims in state court because the agreement does not clearly and unmistakably waive the employee's right to do so.[28] That analysis, which we summarize below, applies equally here.

A waiver must be "*clear and unmistakable*."[29] "We will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' "[30] To determine whether a waiver is "clear and unmistakable," we apply a two-part test: The contract must either (1) have an arbitration clause with a provision through which "employees specifically agree to submit all . . . causes of action arising out of their employment to arbitration" or (2) explicitly incorporate the "statutory . . . requirements in addition to a broad and general arbitration clause."[31]

The collective bargaining agreement, as we explained in *Bernard*,[32] does not satisfy either prong of this test. First, though the agreement appears to grant the System Board of Adjustment broad jurisdiction over disputes between covered employees and the company — authorizing the board to hear disputes *"growing out of grievances or out of interpretation or application of any of the terms of this*

---

[27]     *Id.* at 1163-65.

[28]     *Id.* at 1165.

[29]     *Id.* at 1163 (emphasis in original) (quoting *Metro. Edison Co. v. NLRB*, 460 U.S. 693, 708 (1983)).

[30]     *Id.* (quoting *Metro. Edison*, 460 U.S. at 708).

[31]     *Id.* (quoting *Hammond*, 107 P.3d at 877).

[32]     *Id.* at 1163-65.

[a]greement" — the agreement also appears to limit the board's authority. (Emphasis added.) By its terms, the agreement only authorizes the board to hear "properly submitted" disputes. To proceed to arbitration, the agreement narrowly defines "proper submission": "[*T*]*he General Chair* may appeal to arbitration within thirty . . . calendar days." (Emphasis added.) The agreement also narrowly defines the System Board of Adjustment's duties: "The Board shall consider any dispute *properly submitted to it by the General Chair* of the Union or his/her designee, or by the Representative of the Company"; "[*n*]*o matter shall be considered* by the Board which has not first been fully processed in accordance with the grievance and appeal provisions of this [a]greement." (Emphases added.) The plain language of the agreement does not give an employee, like Lingley, the right to independently submit her claims to arbitration; the agreement recognizes only those appeals brought by the union or its representatives or by Alaska Airlines.[33] Because of this apparent foreclosure, the agreement fails the first prong of the test for finding clear and unmistakable waiver of the right to pursue claims in state court.[34]

The collective bargaining agreement also fails the second prong of the test because it did not explicitly incorporate Alaska Airlines' protections against discrimination, retaliation, and whistleblowing.[35] The agreement broadly incorporates

---

[33]    As in *Bernard*, we do not decide whether irrespective of the language of the collective bargaining agreement Lingley had an individual right to arbitrate her claims when her union declined to do so. *See id.* at 1164.

[34]    *Id.* at 1163-64.

[35]    *See id.* at 1164-65. ("The collective bargaining agreement at issue here also lacks the 'explicit incorporation of the statutory anti-discrimination requirements' necessary to the second prong of the *Hammond* test." (quoting *Hammond*, 107 P.3d at 877)).

Alaska Airlines' rules and policies. These policies include those that protect employees from retaliation for airing good faith concerns about ethical or compliance issues, harassment, and discrimination. The anti-discrimination provision provides:

> The Company is an equal opportunity employer. This means the Company is committed to providing equal consideration in all employment decisions (including, for example, recruiting, hiring, training, promotions, pay practices, benefits, disciplinary actions and terminations) without regard to age, race, color, gender, national origin, religion, marital status, sexual orientation, disability, veteran status or any other classification protected by federal, state, or local laws . . . .
>
> Acts of discrimination and harassment not only violate our Company values and policies, but *may also violate federal, state, and local laws* and are strictly prohibited.

(Emphasis added.) The anti-retaliation clause provides:

> The Company does not tolerate retaliation of any kind for raising concerns or making a report in good faith about an ethical or compliance issue. To be made in "good faith" does not mean you have to be right, however, it does mean you have to provide complete and accurate information and you have to have a reasonable belief that it may be true.

Like *Bernard*, none of the incorporated provisions to which Alaska Airlines directs us expressly cites Alaska law.[36] And, most importantly, the collective bargaining agreement grants Alaska Airlines the power to unilaterally modify its rules and polices "during the term of the [a]greement." Under such circumstances, it cannot be said that an employee clearly and unmistakably waives her right to pursue state law claims in state

---

[36]    *See id.* at 1164-65.

court because to do so an employee must know what rights she is waiving.[37] We thus would reach the same conclusion even if the incorporated company rules and policies explicitly cited Alaska law.[38]

The superior court's conclusion that Lingley's proposed claims were barred by her failure to exhaust contractual remedies was mistaken because the collective bargaining agreement does not clearly and unmistakably waive her right to litigate those claims.

### 3. The RLA does not preempt claims that have an independent state law basis and do not turn on the collective bargaining agreement.

The superior court ruled that many of Lingley's claims were preempted by the RLA and therefore were futile. The RLA provides a "mandatory arbitral mechanism for 'the prompt and orderly settlement' of two classes of disputes"[39]: major disputes, which relate to "the formation of collective [bargaining] agreements or efforts to secure

---

[37]    *Id.*

[38]    *Id.* at 1165. ("[W]e could not find a 'clear and unmistakable' waiver of the employee's right to pursue state law claims in state court when the employer retains a unilateral right to modify or eliminate the language on which the waiver is based.").

[39]    *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) (quoting 45 U.S.C. § 151a (1988)).

them";[40] and minor disputes, which include "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation."[41] Claims that fall into either category are preempted.[42]

Alaska Airlines contends, as the superior court concluded, that many of Lingley's proposed claims are minor disputes that must be resolved through the mechanisms provided by the RLA, including the collective bargaining agreement's three-step grievance process. But we conclude that Lingley's claims may have an independent state law basis and that, as so constructed, do not require us to interpret the collective bargaining agreement. Such claims would not be preempted: The RLA "does not pre-empt causes of action to enforce rights that are independent of the [collective bargaining agreement]."[43] "Pre-emption of employment standards 'within the traditional police power of the [s]tate' 'should not be lightly inferred.'"[44]

### a. The age discrimination claim is not preempted because it could be based on state statute.

Alaska Airlines does not dispute the superior court's conclusion that the RLA does not preempt Lingley's age discrimination claim. In the wrongful termination context, a state law claim may be "pre-empted, *not* because the RLA broadly pre-empts state-law claims based on discharge or discipline, but because the employee's claim was

---

[40] *Id.* (alteration in original) (quoting *Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 302 (1989)).

[41] *Id.* at 253 (quoting *Bhd. of R.R. Trainmen v. Chi. River & Ind. R.R. Co.*, 353 U.S. 30, 33 (1957)).

[42] *Id.* at 252-53.

[43] *Id.* at 256.

[44] *Id.* at 252 (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 21 (1987)).

firmly rooted in a breach of the [collective bargaining agreement] itself."[45]  By contrast, when an employee's right against wrongful termination derives from state law and does not depend on an analysis or interpretation of the collective bargaining agreement, the state law cause of action is not preempted.[46]  Such claims may turn on, for example, the state law duty not to fire an employee for retaliatory reasons or in violation of other state public policy.[47]

Lingley's age discrimination claim has an independent state law basis under AS 18.80.220, which prohibits an employer from discriminating against an employee "because of the [employee's] age."[48]  This statute also prohibits discriminating against an employee because of his or her sex,[49] and we have held that the RLA does not preempt a wrongful termination claim arising under this statute when the claim alleges retaliation for reporting sexual harassment.[50]  The same is true with respect to Lingley's

---

[45]  *Id.* at 257 (emphasis in original); *Bernard v. Alaska Airlines, Inc.*, 367 P.3d 1156, 1160-61 (Alaska 2016).

[46]  *Bernard*, 367 P.3d at 1161-62 (citing *Norcon, Inc. v. Kotowski*, 971 P.2d 158, 164-66 (Alaska 1999)).  *Compare Norris*, 512 U.S. at 257-58 (holding that a claim is not preempted by the RLA when the collective bargaining agreement is "not the 'only source' of [the employee's] right not to be discharged wrongfully"), *with Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 324 (1972) (holding that a claim is preempted by the RLA when the collective bargaining agreement is "the only source of [the employee's] right not to be discharged").

[47]  *Bernard*, 367 P.3d at 1161-62; *see also Norris*, 512 U.S. at 266 (concluding that a whistleblower claim based in state law was not preempted by the RLA).

[48]  AS 18.80.220(a)(1).

[49]  *Id.*  Sexual harassment of employees constitutes discrimination on the basis of sex.  *French v. Jadon, Inc.*, 911 P.2d 20, 28 (Alaska 1996).

[50]  *Bernard*, 367 P.3d at 1162.

age discrimination claim. Like a claim for pretextual firing based on sexual discrimination, Lingley's age discrimination claim does not turn on an interpretation of the collective bargaining agreement; it has an independent state law basis in AS 18.80.220 and therefore is not preempted.

> **b.** **The retaliation, whistleblower, and retribution claims are not preempted if they are construed as tort claims for discharge in violation of public policy.**

The superior court concluded, and Alaska Airlines concedes, that the RLA does not preempt Lingley's retaliation claim if it "is construed as a tort claim for wrongful discharge in violation of public policy." But the superior court, like Alaska Airlines, reached the opposite conclusion with respect to Lingley's whistleblower and retribution claims: Those claims, unlike the retaliation claim, arose from the collective bargaining agreement and could not be considered independent of it.

The RLA, as noted, does not preempt a wrongful termination claim when the claim is rooted in state law rather than a collective bargaining agreement.[51] This category of claims may include those alleging violations of state law protections for whistleblowers.[52] Under Alaska law, a claim alleging wrongful termination for whistleblowing may be actionable as an independent state law tort even when the alleged misconduct "does not violate the letter of any . . . [statutory] law[]."[53]

---

[51] *Norris*, 512 U.S. at 257.

[52] *Id.* at 266 (holding that claims that termination of employment violated state law and public policy — claims which required only "purely factual inquiry into any retaliatory motive of the employer" — were not preempted by the RLA).

[53] *Reust v. Alaska Petroleum Contractors, Inc.*, 127 P.3d 807, 812-13 & n.13 (Alaska 2005) (holding that a retaliation claim could be grounded in public policy tort); *see also Kinzel v. Discovery Drilling, Inc.*, 93 P.3d 427, 438 (Alaska 2004) (allowing tort

(continued...)

Lingley claims that Alaska Airlines retaliated against her for criticizing management's failure to follow company policies and for reporting company misconduct and violations of federal law. These claims may be rooted in Alaska's public policy that protects employees who serve as whistleblowers from retaliation. So construed, Lingley's retaliation, whistleblower, and retribution claims would turn on state law rather than the collective bargaining agreement.[54] Further, though we have explained that wrongful termination claims based on whistleblowing may "express[] a breach of contract theory"[55] and though Alaska Airlines' polices (incorporated into the collective bargaining agreement) explicitly protect employees who report misconduct in good faith, this nexus with the agreement does not mean Lingley's whistleblower and retribution claims turn on an interpretation of that agreement. Rather we recognize, for the purpose of RLA preemption, that a collective bargaining agreement cannot "alter[], circumscribe[], or define[]" state law protections even when the agreement appears to offer protections similar to those of state law.[56] Therefore to the extent Lingley's retaliation, whistleblower, and retribution claims allege wrongful termination in violation

---

(...continued)
remedy to protect employee whistleblowers who file safety complaints).

[54]     *Reust*, 127 P.3d at 812-13 & n.13; *Kinzel*, 93 P.3d at 438.

[55]     *Reed v. Municipality of Anchorage*, 782 P.2d 1155, 1158 (Alaska 1989).

[56]     *Bernard v. Alaska Airlines, Inc.*, 367 P.3d 1156, 1162 (quoting *Norcon, Inc. v. Kotowski*, 971 P.2d 158, 167 (Alaska 1999)); *see also id.* at 1162 n.35 ("[T]he fact that a claim involves a violation of a privately enforced policy is irrelevant to the extent that a statute independently favors the same policy."); *Norcon*, 971 P.2d at 167 ("The fact that the 'whistle blower' claim in this case involved the violation of a privately enforced safety policy, rather than violations of law, is irrelevant insofar as public policy favors safe workplaces.").

of state law or public policy, the claims are independent of the collective bargaining agreement and not preempted by the RLA.

### c. Whether the economic discrimination claim is preempted depends on its construction.

The superior court concluded that Lingley's economic discrimination claim was preempted because the claim arises only under the collective bargaining agreement and thus was not an independent state law claim.

Lingley contends that Alaska Airlines fired her because it "wanted to replace [her], a fifteen-year veteran employee, . . . with a younger and newer employee who would have little or no seniority and thus could be paid at a lower level of compensation." This claim has two possible constructions: First Lingley may be alleging that Alaska Airlines breached the implied covenant of good faith and fair dealing. This claim is preempted as the superior court concluded. An employer may breach the implied covenant of good faith and fair dealing when it terminates an employee to deprive her of compensation due under an employment contract.[57] Lingley's right to compensation, and the nature of that compensation, is firmly rooted in her employment contract but not necessarily in state law. But Lingley's economic discrimination claim also may be alleging age discrimination. To the extent it does, the claim is not preempted for the reasons explained above.[58] Therefore, on remand, the superior court should allow Lingley to raise and clarify the economic discrimination claim as a claim for age discrimination.

___

[57] *See Mitford v. de Lasala*, 666 P.2d 1000, 1007 (Alaska 1983) ("[G]ood faith and fair dealing in this case would prohibit firing [the employee] for the purpose of preventing him from [from obtaining compensation due under contract].").

[58] *See supra* IV.A.3.a. Alaska Statute 18.80.220(a) provides: "[I]t is unlawful for . . . an employer . . . to discriminate against a person in compensation . . . because of the person's age . . . ."

### 4. Alternate grounds do not justify denying leave to amend.

#### a. The mere possibility of Federal Aviation Act and Airline Deregulation Act preemption do not require us to affirm on these alternate grounds.

Alaska Airlines contends that Lingley's whistleblower and retaliation claims are preempted by the Federal Aviation Act of 1958 (FAA)[59] and the Airline Deregulation Act of 1978 (ADA)[60] because the claims allege violations of federal law or regulation related to air carrier safety. Lingley's complaint, however, is not so specific. She alleges only that Alaska Airlines terminated her because it suspected her of "report[ing] the company's misconduct and its violations of government rules to federal officials" and "in retaliation for her perceived whistle-blowing . . . of reporting the company's violations of federal laws and regulations." She does not explicitly claim pretextual firing for reporting federal safety violations. And, to the extent such claims can be inferred, neither the FAA nor the ADA necessarily preempts the claims.

The FAA "empowered the Civil Aeronautics Board to regulate the interstate airline industry,"[61] including regulation of interstate airfares and action against certain deceptive trade practices.[62] Pursuant to this authority, the Civil Aeronautics Board has regulated air carrier routes, rates, and services.[63] The FAA does not, however, expressly

---

[59] Pub. L. No. 85-726, 72 Stat. 731 (codified as amended in scattered sections of 49 U.S.C.).

[60] Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended in scattered sections of 49 U.S.C.).

[61] *Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422, 1428 (2014).

[62] *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992).

[63] *Northwest*, 134 S. Ct. at 1428.

preempt state regulation.[64] Rather it contains a saving provision that "preserv[es] pre-existing statutory and common-law remedies."[65] Therefore "FAA 'preemption, if any, must be implied.' "[66] Implied preemption is found when compliance with both federal and state law would be impossible (conflict preemption) or when "Congress left no room for the [s]tates" (field preemption).[67]

The Ninth Circuit has concluded that the FAA preempts wrongful termination claims based on whistleblowing when the claims interfere with the "pervasively regulated" area of pilot qualifications and medical standards for airmen[68] and thus indirectly challenge "aviation safety decisions under the guise of state law whistleblower claims."[69] Claims that avoid such heavily regulated areas are not preempted — this includes the employment field: "Congress has not occupied the field of employment law in the aviation context[,] and . . . the FAA does not confer . . . the exclusive power to regulate all employment matters involving airmen."[70] Here the mere

---

[64]    *Morales*, 504 U.S. at 378.

[65]    *Northwest*, 134 S. Ct. at 1428.

[66]    *Ventress v. Japan Airlines*, 747 F.3d 716, 720 (9th Cir. 2014) (quoting *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007)).

[67]    *Id*. at 720-21 (quoting *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1023 (9th Cir. 2013)).

[68]    *Id*. at 721.

[69]    *Id*. at 722.

[70]    *Id*.; *see also id*. at 722-23 ("[W]e hold that federal law preempts state law claims that encroach upon, supplement, or alter the federally occupied field of aviation safety and present an obstacle to the accomplishment of Congress's legislative goal to create a single, uniform system of regulating that field.").

possibility that the FAA might preempt Lingley's broadly stated whistleblower and retaliation claims does not justify denying leave to amend.

Alaska Airlines also contends that the ADA preempts Lingley's whistleblower and retaliation claims given the ADA's "broad preemptive purpose." But, like the FAA, the ADA does not necessarily reach so far. The ADA seeks to promote "efficiency, innovation, and low prices"[71] through "maximum reliance on competitive market forces and on actual and potential competition."[72] In 2000, Congress amended the ADA to add the Whistleblower Protection Program.[73] This program prohibits an air carrier from "discharg[ing] an employee or otherwise discriminat[ing] against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee . . . provided . . . to the employer or Federal Government information relating to any violation or alleged violation of any . . . [federal law or regulation] relating to air carrier safety."[74] The program provides a detailed procedure for addressing such grievances and authorizes the U.S. Department of Labor to grant relief to the employee, including reinstatement and compensatory damages.[75]

The ADA also contains a preemption provision that is designed to ensure states do not "undo federal deregulation [of the airline industry] with regulation of their

---

[71] 49 U.S.C. § 40101(a)(12)(A) (2012).

[72] *Id.* § 40101(a)(6); *see also Dan's City Used Cars, Inc. v. Pelkey*, 133 S. Ct. 1769, 1775 (2013) (discussing the ADA's aim).

[73] Pub. L. No. 106-181, 114 Stat. 145 (2000) (codified as amended at 49 U.S.C. § 42121 (2012)).

[74] 49 U.S.C. § 42121(a).

[75] *Id.* § 42121(b).

own."[76] The preemption provision provides: "States may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to* a price, route, or service of an air carrier."[77] This provision has "broad pre-emptive purpose"; it preempts claims that have "a connection with, or reference to, airline 'rates, routes, or services.' "[78] But its preemptive reach is limited: As the U.S. Supreme Court explained, " '[s]ome state actions may affect [airline fares] in too tenuous, remote, or peripheral a manner' to have pre-emptive effect."[79]

Noting this limitation, the Third and Eleventh Circuits have held that the ADA does not preempt "simple employment discrimination claim[s] . . . [based on] [an employee's] undertaking of protected activity," including, for example, claims alleging retaliation for reporting safety violations.[80] Such claims, these courts have explained, are only incidentally " 'related to' air carrier 'services' "; "safety is not a basis on which airlines compete for passengers"; and the Whistleblower Protection Program "simply add[s] an additional remedy for plaintiffs seeking to advance a retaliatory [termination] claim."[81]

---

[76] *Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422, 1428 (2014) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992)).

[77] 49 U.S.C. § 41713(b)(1) (emphasis added).

[78] *Northwest*, 134 S. Ct. at 1428 (quoting *Morales*, 504 U.S. at 383-84).

[79] *Morales*, 504 U.S. at 390 (alterations in original) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983)).

[80] *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1259-60 (11th Cir. 2003); *see Gary v. Air Grp., Inc.*, 397 F.3d 183, 186-87, 189-90 (3d Cir. 2005).

[81] *Branche*, 342 F.3d at 1260, 1264; *see also Gary*, 397 F.3d at 188-90. We recognize that the circuits are split in this regard. The Eighth Circuit, for example, held

(continued...)

Lingley's broadly stated whistleblower and retaliation claims may incidentally affect airline "efficiency, innovation, and low prices,"[82] and the ADA's Whistleblower Protection Program may offer an avenue for redressing some of her grievances.[83] But given the limited scope of ADA preemption[84] and the broadly stated nature of Lingley's claims, we conclude that the mere possibility of preemption under the ADA does not require us to affirm on this alternate ground.

### b. The age discrimination claim is not time barred if it is based on state law.

Alaska Airlines contends that Lingley's age discrimination claim is time barred to the extent the claim is based on federal law. It notes that the federal Age Discrimination in Employment Act of 1967 requires individuals alleging age discrimination to first file a discrimination claim with the Equal Employment Opportunity Commission within 300 days of the alleged wrongful act and then wait 60 days before bringing an action in court.[85] While this is true, Lingley's age

---

(...continued)
that the ADA preempted a flight attendant's claim alleging retaliation for reporting violations of laws related to working conditions. *Botz v. Omni Air Int'l*, 286 F.3d 488, 498 (8th Cir. 2002). The court cited the ADA's broad preemptive purpose, the claim's incidental threat to airline services, and the Whistleblower Protection Program's comprehensive procedure for addressing grievances, which "furthered [Congress's] goal of ensuring . . . the price, availability, and efficiency of air transportation." *Id.* at 494-98.

[82]   *See* 49 U.S.C. § 40101(a)(12)(A).

[83]   *See id.* § 42121; *Gary*, 397 F.3d at 188-89; *Branche*, 342 F.3d at 1263-64.

[84]   *See Morales*, 504 U.S. at 390.

[85]   *See* 29 U.S.C. § 626(d)(1) (2012); 29 C.F.R. § 1626.7(a) (2016).

discrimination claim has an independent basis in state law under AS 18.80.220.[86] To the extent Lingley's age discrimination claim is based on state law, the claim is not time barred.[87]

**B.     The Superior Court Did Not Err In Dismissing Lingley's First Amended Complaint.**

Lingley's first amended complaint alleged wrongful termination and breach of the duty of good faith and fair dealing but did not cite or suggest an independent state law basis for the claims.   Accordingly the superior court concluded that the RLA preempted the claims because they were rooted in the collective bargaining agreement. We agree.

In *Bernard v. Alaska Airlines, Inc.* and *Norcon, Inc. v. Kotowski*, we distinguished between claims that depend solely on the parties' contractual relationship and claims that allege pretextual termination based on retaliation and depend in part on the contractual relationship.[88]  The former claims (those based solely on the contract) are

---

[86]     *See supra* IV.A.3.a.

[87]     Age discrimination claims under AS 18.80.220 must be brought within two years of the offending conduct.  AS 09.10.070(a).

[88]     *Bernard v. Alaska Airlines, Inc.*, 367 P.3d 1156, 1160-62 (Alaska 2016); *Norcon, Inc. v. Kotowski*, 971 P.2d 158, 165-68 (Alaska 1999) (holding that state law claims are not preempted when they are "neither founded on rights created by a [collective bargaining agreement] nor dependent on the analysis or interpretation of the [collective bargaining agreement]"). *Norcon* involved the Labor Management Relations Act (LMRA) rather than the RLA, but like the U.S. Supreme Court, we apply the same preemption analysis to both.  *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994) (stating that the RLA preemption standard "is virtually identical to the pre-emption standard the Court employs in cases involving . . . the LMRA").

preempted but the latter claims generally are not.[89] As we explained, a collective bargaining agreement cannot "alter[], circumscribe[], or define[]" matters grounded in the state's public policy, such as the right to report safety violations or the right to work in an environment free of sexual harassment.[90] Because the bargaining process does not define such rights, their contours can be traced without any reference to the agreement.[91]

Lingley's first amended complaint alleges that Alaska Airlines refused to reinstate her, did not adequately notify her about the discharge proceedings, and failed to provide a neutral forum in which to address her grievances. Unlike the claims in the second amended complaint, these claims are not independent claims based on pretext or retaliation. Instead they are wrongful termination claims defined by the collective bargaining agreement — the only source of Lingley's right to for-cause termination. As such the RLA preempts the claims in the first amended complaint.[92] However to the

---

[89]     *Bernard*, 367 P.3d at 1160-62; *Norcon*, 971 P.2d at 166-68.

[90]     *Bernard*, 367 P.3d at 1162 (quoting *Norcon*, 971 P.2d at 167).

[91]     *Id.*

[92]     *See Norris*, 512 U.S. at 257-58 (quoting *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 324 (1972)); *Bernard* at 1160-61. In a footnote, the superior court also concluded that the claims were precluded because Lingley failed to exhaust the remedies available under the collective bargaining agreement. For the reasons explained above, we disagree. *See supra* IV.A.2.

extent the first amended complaint alleges a claim for defamation,[93] that claim, as we explain below, can be revived by a motion to amend subject to the superior court's usual exercise of discretion.[94]

>    **C.** **Though A Number Of Lingley's Claims Were Not Timely, Lingley Should Be Allowed To Raise Those Claims On Remand Subject To The Superior Court's Usual Exercise Of Discretion.**

Alaska Airlines and Lingley dispute whether Lingley timely alleged claims for intentional infliction of emotional distress, defamation, spoliation of evidence, and prima facie tort. Under Alaska Civil Rule 8, "pleadings are to be liberally construed, with the goal being to achieve substantial justice."[95] However a plaintiff still must "set forth allegations of fact consistent with some enforceable cause of action on any possible theory"[96] because a defendant must have "fair notice of the claim and the grounds upon which [the complaint] rests."[97]

---

[93] Lingley's first amended complaint seeks damages for "loss of reputation and for the emotional distress and humiliation that she has suffered on account of the defendants' misconduct."

[94] Because we hold that the superior court should have granted leave to amend, we do not address Lingley's argument that the superior court erred when it denied her motion for a stay pending discovery. On remand Lingley likely will have opportunity for discovery.

[95] *Lum v. Koles*, 314 P.3d 546, 557 (Alaska 2013) (alteration omitted) (quoting *Gamble v. Northstore P'ship*, 907 P.2d 477, 482 (Alaska 1995)).

[96] *Alaska Commercial Fishermen's Mem'l in Juneau v. City & Borough of Juneau*, 357 P.3d 1172, 1178 n.25 (Alaska 2015) (quoting *State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs. v. Native Vill. of Curyung*, 151 P.3d 388, 396 (Alaska 2006)).

[97] *Id.* at 1178 (quoting *Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 673 (Alaska 2002)).

Lingley did not timely allege claims for intentional infliction of emotional distress, defamation, spoliation of evidence, or prima facie tort. As the superior court concluded, these claims cannot be inferred from either of Lingley's complaints. Rather she first raised the claims in her opposition to Alaska Airlines' proposed final judgment, after the superior court had already dismissed Lingley's complaints. Neither the first amended nor proposed second amended complaint alleges, for example, that Lingley suffered severe emotional distress or contends that Alaska Airlines engaged in outrageous conduct — elements necessary to a claim for intentional infliction of emotional distress.[98] Lingley's complaints also do not claim that Alaska Airlines negligently published a false, defamatory statement about her, as required for defamation.[99] And nothing in either complaint suggests that Alaska Airlines mishandled evidence in a manner that might give rise to a tort claim for spoliation of evidence; indeed, neither complaint even mentions access to evidence.

The superior court properly disregarded these claims that were never timely alleged. In the previous section, however, we suggested that Lingley should be allowed to amend her complaint to clarify whether she intended to include a claim for defamation. Subject to the superior court's usual exercise of discretion in setting and enforcing pretrial deadlines,[100] Lingley should also be allowed to amend her complaint to state the claims raised in her opposition to the proposed final judgment.

---

[98]     *See Beard v. Baum*, 796 P.2d 1344, 1350 (Alaska 1990) (requiring a higher pleading standard for claims of intentional infliction of emotional distress).

[99]     *See DeNardo v. Bax*, 147 P.3d 672, 678 (Alaska 2006).

[100]     *Patterson v. GEICO Gen. Ins. Co.*, 347 P.3d 562, 568 (Alaska 2015) ("We review the denial of a motion to amend a pleading for abuse of discretion.") (citing *Krause v. Matanuska-Susitna Borough*, 229 P.3d 168, 174 (Alaska 2010)).

## V.    CONCLUSION

We AFFIRM the superior court order dismissing Lingley's first amended complaint.  We REVERSE the order denying leave to amend and REMAND Lingley's claims for age discrimination, economic discrimination, retaliation, whistle blowing, and retribution.  Consistent with this opinion, Lingley should be allowed to amend her complaint to raise additional claims subject to the superior court's usual exercise of discretion.